THE STATE OF OHIO, APPELLANT, *v.* SPATES, APPELLEE.

[Cite as *State v. Spates* (1992), 64 Ohio St.3d 269.]

(No. 91–984—Submitted April 29, 1992—Decided August 5, 1992.)

270

*Stephanie Tubbs Jones,* Prosecuting Attorney, *George J. Sadd* and *Karen L. Johnson,* for appellant.

*Kraig & Pasz* and *Brian Kraig,* for appellee.

SWEENEY, J. The defendant-appellee argues that the denial of assistance of counsel at the preliminary hearing was prejudicial error and a violation of his constitutional right to counsel at a critical stage of the criminal proceedings.

The plaintiff-appellant, state of Ohio, contends that defendant's plea of guilty waives his right to appeal his conviction on the ground that he was deprived of counsel at the preliminary hearing.

For the reasons that follow, we hold that defendant waived his right to challenge the denial of his right to counsel at the preliminary hearing, since he entered a plea of guilty to the charges lodged against him. Therefore, we reverse the judgment of the court of appeals below.

In *Coleman v. Alabama* (1970), 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, the high court held that a preliminary hearing is a critical stage of the criminal process during which a defendant's fundamental right to counsel is protected by the Sixth and Fourteenth Amendments to the United States Constitution. See, also, *State v. Parrott* (1971), 27 Ohio St.2d 205, 56 O.O.2d 124, 272 N.E.2d 112. Thus, *Coleman* ensures a defendant's fundamental right to counsel at the earliest stages of the criminal process.

While the denial of counsel at the preliminary-hearing stage of a criminal proceeding will almost always constitute reversible error, a subsequent guilty plea by defendant during the criminal proceeding may constitute a waiver of any and all constitutional infirmities that occur prior to the submission of the guilty plea.

In *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243, the Supreme Court of the United States held in relevant part:

"We thus reaffirm the principle recognized in the *Brady* [*v. United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747] trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson* (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763]."

Given the clear language in *Tollett, supra,* the crucial inquiry in the instant cause becomes whether defendant's plea of guilty constituted a knowing, intelligent and voluntary waiver of his right to counsel at the preliminary hearing. See, also, *United States v. Broce* (1989), 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927.

As pointed out by this court in *State v. Kelley* (1991), 57 Ohio St.3d 127, 129, 566 N.E.2d 658, 660, this inquiry entails a review of the record to ensure that Crim.R. 11 was followed by the trial court upon defendant's submission of the guilty plea.[1]

In the cause *sub judice*, we have undertaken a meticulous and thorough review of the trial record before us, and conclude that the trial court did indeed follow the dictates of Crim.R. 11 before it entered judgment and sentencing. In fact, after informing and questioning defendant in accordance with Crim.R. 11, the trial court declared: "Let the record reflect that the Court finds the pleas entered by Mr. Spates, that he knowingly, intelligently and voluntarily entered." Accordingly, we find that defendant knowingly,

---

1. Crim.R. 11 states in relevant part:

"(C) Pleas of guilty and no contest in felony cases.

"* * *

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

intelligently and voluntarily waived his right to challenge the denial of counsel at the preliminary hearing when he subsequently entered a plea of guilty to the charges brought against him. See *Ross v. Court* (1972), 30 Ohio St.2d 323, 59 O.O.2d 385, 285 N.E.2d 25.

Therefore, we follow the opinion rendered in *Tollett, supra,* and hold that a defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of a criminal proceeding.

Based on all the foregoing, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for execution of sentence.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.