OPINION
Defendant-appellant, John Jackson ("Appellant") appeals from the judgment of the Court of Common Pleas of Allen County sentencing Appellant following his guilty pleas. For the following reasons, we affirm the trial court's judgment.
On August 13, 1998, Appellant was indicted for three counts of aggravated robbery, violations of R.C. 2911.01(A)(1) and felonies in the first degree.
On September 10, 1998, Appellant waived his right to trial by jury and entered a plea of guilty to the offenses of aggravated robbery as alleged in the three counts of the indictment. Sentencing was continued for a presentence investigation. Appellant was subsequently sentenced to a definite prison term of nine years for each of the three counts, with the first two counts running consecutively to each other and the third count running concurrently to the first two counts.
Appellant now sets forth the following two assignments of error.
ASSIGNMENT OF ERROR NO. I
 The Appellant was, contrary to the guarantees provided by the Sixth and Fourteenth Amendments to the U.S. Constitution and Section 10, Article 1 of the Ohio Constitution, denied effective representation by counsel.
ASSIGNMENT OF ERROR NO. II
 Contrary to the mandates of Rule 11 of the Ohio Rules of Criminal Procedure, the Appellant's change of plea from that of not guilty to guilty was not knowingly and voluntarily submitted to the court.
Under his assignments of error, Appellant asserts that he received ineffective assistance of counsel and that his guilty plea was not knowingly and voluntarily given in this matter.
To make a claim for ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. State v. Clemons (1998), 82 Ohio St.3d 438, 449-50, citing Strickland v. Washington (1984), 466 U.S. 668, 687. See, also, State v. Bradley (1989), 42 Ohio St.3d 136. In asserting his ineffective assistance of counsel claim, Appellant must overcome the presumption that a licensed attorney is competent and that his decisions constitute sound trial strategy. Strickland,466 U.S. at 689.
A plea of guilty waives a claim of ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. State v. Barnett (1991), 73 Ohio App.3d 244, 249. If a defendant can demonstrate that he received ineffective assistance of counsel in entering his guilty plea and that but for that ineffective assistance he would have proceeded to trial, then we would be required to reverse a defendant's sentence and remand the matter to the trial court to allow the defendant to withdraw his plea. State v. Freeman (July 3, 1997), Shelby App. Nos. 17-96-18 and 17-96-19, unreported, citing Hill v. Lockhart (1985), 474 U.S. 52. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. State v. Smith (1985), 17 Ohio St.3d 98.
A determination of whether a plea was entered knowingly, intelligently, and voluntarily is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272. Crim.R. 11 requires the trial court to determine that the defendant is making a guilty plea voluntarily, knowingly, and intelligently prior to accepting such plea. Specifically, Crim.R. 11 provides the following in pertinent part:
 (B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:
 (1) The plea of guilty is a complete admission of the defendant's guilt.
* * *
(C) Pleas of guilty and no contest in felony cases.
* * *
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
The thrust of Appellant's argument involves the fact that his appointed trial counsel, Marie A. Von der Embse, spent only ninety minutes investigating his case. Appellant asserts that Ms. Von der Embse was ineffective and that he relied on her counsel while entering his guilty pleas.
It is Appellant's duty, in an ineffective assistance claim, to affirmatively represent the facts and reasons his appointed counsel was deficient and how this deficiency was prejudicial. After a review of the record in this matter, we fail to see how Appellant's trial counsel prejudiced Appellant. Appellant's claim that his trial counsel failed to investigate the charges against him is conclusory. Furthermore, he has not demonstrated that there is any useful evidence that his trial counsel could have found had she investigated the charges. Accordingly, there has been a complete failure to satisfy the prejudice prong of the standard for ineffective assistance of counsel set forth in Strickland, supra.
We also do not find merit in Appellant's second argument that his guilty plea was less than knowing and voluntary. Appellant signed the negotiated plea form used by the trial court. The negotiated plea form referred to the voluntary nature of his guilty plea, his understanding of the charges, the specific prison terms associated with the offenses,[1] and the constitutional rights he was waiving. Appellant acknowledged his signature on the form and indicated that no one had forced him to sign the form. He further indicated that no other promises or representations had been made to him regarding his guilty plea.
Prior to accepting his guilty plea, the trial court specifically inquired whether he voluntarily and knowingly forfeited his constitutional right against compulsory self-incrimination, his right to a trial by jury, his right to confront his accusers, his right to call witnesses on his own behalf, and his right to have his guilt established beyond a reasonable doubt by the State of Ohio. The trial court further inquired as to Appellant's understanding of the possible penalties that could be imposed. In addition, Appellant stated that he had not consumed any drugs or alcohol in the previous forty-eight hours. Under these circumstances, this Court cannot find that Appellant did not voluntarily, knowingly, and intelligently enter his plea of guilty.
For the reasons stated herein, we overrule Appellant's first and second assignments of error.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] For each aggravated robbery count, Appellant could have been sentenced for up to ten years and fined $20,000.