OPINION
Defendant-appellant, L. C. Lewis, Jr., appeals his conviction in the Butler County Court of Common Pleas for robbery in violation of R.C. 2911.02(A)(1). We affirm.
The record shows that appellant was initially charged with one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1). The charge stemmed from an incident that occurred on July 8, 1998, wherein appellant robbed Central Pastry in Middletown, Ohio, while armed with a knife. On August 6, 1998, the trial court held a plea hearing at which appellant pled guilty to one count of robbery, a felony of the second degree, on a bill of information. Before accepting appellant's guilty plea, the trial court addressed appellant personally in accordance with the procedures specified by Crim.R. 11. The trial court subsequently held a sentencing hearing on September 22, 1998 at which it sentenced appellant to a six-year term of imprisonment. This timely appeal follows.
In his sole assignment of error, appellant argues that he was denied effective assistance of counsel because trial counsel failed to request "evaluations of [appellant's] competence to stand trial, competence at the time of the offense, and for purposes of mitigation[,]" even though trial counsel was aware of appellant's mental disabilities. During the plea hearing, trial counsel told the trial judge that appellant was "a little bit slow." During the sentencing hearing, trial counsel stated that appellant (1) was receiving social security benefits "due to his slow nature," (2) had a difficult time grasping things, (3) was under the influence of alcohol and crack cocaine at the time of the offense, and (4) had been shot in the head in 1996.
To decide appellant's claim of ineffective assistance of counsel, we must apply the two-tier test of Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. First, the defendant must show that his counsel's actions were outside the wide range of professionally competent assistance. Second, the defendant must demonstrate that he was prejudiced by reason of counsel's actions. Id. at 687, 104 S.Ct. at 2064. Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," id. at 688, 104 S.Ct. at 2064, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. The defendant bears the burden of demonstrating ineffective assistance of counsel. State v. Hamblin (1988), 37 Ohio St.3d 153, 156, certiorari denied (1988), 488 U.S. 975, 109 S.Ct. 515.
A plea of guilty waives the right to claim that the defendant was prejudiced by ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. State v. Barnett (1991), 73 Ohio App.3d 244,248. Further, to establish prejudice in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366,370.
A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v.Spates (1992), 64 Ohio St.3d 269, 272. Crim.R. 11(C) sets forth the procedure a trial judge must follow when accepting a guilty plea to a felony offense. Specifically, Crim.R. 11(C)(2) requires the judge to address the defendant personally and to determine that the defendant is entering his plea voluntarily, with an understanding of the nature of the charge and the maximum penalty involved and, if applicable, that he is not eligible for probation or community control. Further, the court must inform the defendant, and ascertain that he understands, the effect of his guilty plea and that upon acceptance of the plea, the court may proceed with judgment and sentence.[1]
After thoroughly reviewing the record, we find that the trial court fully complied with Crim.R. 11(C)(2) and that appellant's guilty plea was made knowingly and voluntarily. The record shows that before accepting appellant's guilty plea, which it found to be "entered knowingly, voluntarily, with full awareness * * * as to the potential consequence of entering a guilty plea to [the] charge[,]" the trial court engaged in a lengthy and thorough colloquy with appellant. Appellant told the trial judge that he had read and signed the plea of guilty to a bill of information, that he understood the document, that he and trial counsel had gone over it, and that he was satisfied with trial counsel's efforts on his behalf. Appellant also told the trial judge that he understood the nature of the charge and the maximum penalty involved.
The record also shows that appellant was adamant as to his desire to plead guilty. While appellant was at one point confused by the trial judge's analogy that pleading guilty was the equivaent of "convicting [him]self out of [his] own mouth," following a conversation with his attorney, appellant reiterated his desire to plead guilty. Appellant told the trial judge that while he had been "kind of confused for a minute," he understood what was going on. Thereafter, the trial judge repeatedly asked appellant if he really wanted to plead guilty. Each time, appellant reiterated he did indeed want to plead guilty.
Thereafter, the trial judge explained to appellant the effect of pleading guilty and in particular, listed the numerous rights appellant was giving up by pleading guilty. Each time the trial judge asked appellant whether appellant understood he was giving up a particular right by pleading guilty, appellant replied that he did understand. Thereafter, appellant stated several times that he did not want a jury trial. Appellant also stated that he did not want to talk to his attorney any further before pleading guilty, that he understood what he was told. Appellant subsequently pled guilty to robbery and the trial court accepted the plea.
In light of all of the foregoing, we find that appellant's plea was made knowingly and voluntarily. Appellant argues, however, that in light of his "slow" nature and the fact that he was shot in the head, trial counsel should have requested a hearing on his competency. However, if having a mental illness or being mentally retarded is not, in itself, enough to support a claim of being incompetent, see State v. Berry (1995), 72 Ohio St.3d 354, certiorari denied (1996), __ U.S. __, 116 S.Ct. 823, and State v. Reeder (Nov. 30, 1998), Clinton App. No. CA97-12-013, unreported, a fortiori, neither is being "slow" or having received a prior head injury. "Competence to stand trial is concerned with the ability of the defendant to understand the proceedings before him and assist in his defense." Id. at 13.
The record shows that appellant was cognizant of the facts of his case and the nature of the charge against him. Appellant has not shown that his trial counsel's performance was deficient, nor has he shown any prejudice other than from pleading guilty. In fact, appellant was initially charged with aggravated robbery, a felony of the first degree, and was bound over to the grand jury. However, after trial counsel investigated the case and consulted with appellant several times, trial counsel and appellant considered that it was in appellant's best interest instead to plead guilty to robbery, a felony of the second degree. As trial counsel explained to the trial court at the plea hearing, "the [offense] was tape recorded on the Central Pastry security camera both outside and inside, so it's a very strong case against [appellant] — so we feel that going on the robbery would be in his best interest today rather than taking a chance on an aggravated robbery down the * * * line."
In light of all of the foregoing, we find that appellant did not receive ineffective assistance of counsel in connection with his guilty plea. Barnett, 73 Ohio App.3d at 248. Appellant's sole assignment of error is therefore overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Recent changes in Ohio law may impose additional requirements before a trial court may accept a guilty plea. See R.C. 2943.032 (notice required of possible extension of prison term before a guilty plea is accepted); R.C. 2950.03 (sexual predator statute requires actual notice of duty to register).