DECISION AND JUDGMENT ENTRY
James Reed appeals his convictions for breaking and entering and drug possession and his sentence imposed by the Washington County Court of Common Pleas. Reed argues that the trial court erred in imposing maximum consecutive sentences. Because we find that the record supports the trial court's findings that are necessary to impose maximum consecutive sentences, we disagree. Reed next argues that his trial counsel[1] was ineffective because she failed to file a motion to suppress. Because we find that Reed waived this potential error by pleading guilty, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
The state charged Reed with twelve counts of breaking and entering, a fifth-degree felony and a violation of R.C. 2911.13, one count of theft, a fifth-degree felony and a violation of R.C. 2913.02, and one count of drug possession, a third-degree felony and a violation of R.C. 2925.11(A) (C)(4)(c). Prior to Reed's guilty plea, the state amended the Drug Possession charge to a fourth-degree felony. Reed pled guilty to three charges of breaking and entering and the drug possession charge. The trial court ordered a pre-sentence investigation report ("PSI") and then held a sentencing hearing.
At the hearing, Reed presented the testimony of Washington County Sheriff Detective Rodney Kinzel. Kinzel testified that Reed worked as a confidential informant for the Sheriff's office after he was arrested in this case and was fully cooperative in their investigation of this case.
Reed also testified at the hearing. He testified that he was sixty-two years old and that as a result of his convictions in this case, his West Virginia parole would be revoked causing him to be incarcerated until 2005. He explained that on August 23, 1999, he was driving a rental car near Lowell, Ohio when three law enforcement vehicles pulled him over. The officers patted him down and found a bottle of pills. The officers then questioned Reed, who agreed to cooperate. According to Reed, the officers told him that if he cooperated, he would receive leniency. Reed rode around with the officers and identified the places that he had broken into and told them all of the details. Reed testified that the officers kept him handcuffed during the ride.
Reed then testified about his work as a confidential informant. He explained that he had purchased drugs from a person under indictment for drug trafficking. According to Reed, the officers raided the person's home that very night. He testified that this person knows his identity and has threatened him. As a result, Reed is afraid to serve his time in Ohio.
The trial court detailed Reed's prior record, which includes convictions for nine counts of breaking and entering, one count of larceny, seven counts of grand larceny, one count of burglary, one count of receiving stolen property, and several counts of theft related offenses.
The trial court sentenced Reed to one year of imprisonment for each breaking and entering offense to be served consecutively to each other and to his sentence in West Virginia. On the drug possession charge, the trial court sentenced Reed to eighteen months incarceration, also to be served consecutively to the other sentences and to the West Virginia sentence. The trial court noted that the shortest possible terms would not adequately protect the public and found, based upon Reed's criminal record, that Reed poses the greatest likelihood of recidivism. The trial court then found, also based upon Reed's criminal record, that consecutive sentences are necessary to protect the public from future crime and to punish Reed.
In the sentencing entry the trial court made the following findings:
 1. Consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public.
 2. The shortest prison term will demean the seriousness of the offense, and/or will not adequately protect the public.
 3. The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.
Reed appeals and asserts the following assignments of error:
 I. The trial court erred in sentencing appellant to maximum prison terms on each count in this case.
 II. The trial court erred in requiring appellant to serve the maximum prison terms consecutively.
 III. Appellant's trial counsel was ineffective in failing to file motions to suppress prior to appellant's guilty plea in this case.
 II.
In his first assignment of error, Reed argues that the record does not support the trial court's finding[2] that he posed the greatest risk of recidivism.
An offender who has received a maximum term of imprisonment has a statutory right to appeal the sentence. R.C. 2953.08(A)(1)(a). An appellate court may reverse a felony sentence if it finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. R.C. 2953.08(G)(1)(a) and (d). "Clear and convincing evidence" refers to a degree of proof "which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel
(1990), 55 Ohio St.3d 71, 74.
R.C. 2929.14(C) establishes the public policy disfavoring maximum sentences except for the most deserving offenders, State v. Edmonson
(1999), 86 Ohio St.3d 324, 328. R.C. 2929.14(C) prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. State v. Riggs (Sept. 13, 1999) Washington App. No. 98CA39, unreported, citing, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported. Maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. R.C.2929.14(C).
R.C. 2929.19(B)(2)(d) sets the procedure that a trial court must follow when imposing the maximum sentence on an offender for a single offense.Edmonson at 328. As applicable to Reed, R.C. 2929.19(B)(2)(d) requires a trial court to "make a finding that gives its reasons for selecting thesentence imposed" if the sentence is for the maximum term, and requires a trial court to set forth its "reasons for imposing the maximum prisonterm." (Emphasis added.) Id. See, also, Riggs; State v. Lenegar (Feb. 3, 1999), Vinton App. No. 98CA521, unreported. We will uphold a maximum sentence if the court's stated findings are supported by the record. SeeRiggs; Lenegar.
Reed concedes that the trial court made the findings necessary to impose the maximum sentence on each offense. He asserts that the record does not support the trial court's finding that Reed posed the greatest likelihood of recidivism because there has been no attempt at treating Reed for his drug abuse. He asserts that his crimes are related to drug abuse and that he has never participated in any substance abuse program. He further asserts that nothing in the record indicates that he has ever refused treatment.
The trial court reasoned that Reed's extensive felony record supported its finding that Reed posed the greatest likelihood of recidivism. Reed's lengthy criminal record indicates unfavorable responses to various criminal sanctions previously imposed, including prior prison terms.Riggs. The various offenses and Reed's history as a repeat offender support the trial court's decision that he is likely to commit future crimes. Id. Reed has not clearly and convincingly demonstrated otherwise. Therefore, we overrule his first assignment of error.
 III.
In his second assignment of error, Reed argues that the trial court erred in imposing consecutive sentences. He concedes that the trial court made the findings necessary to impose consecutive sentences. However, he asserts that the record does not support the trial court's findings.
In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentence imposed by any other court in this country. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when:
 * * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The inquiry under R.C. 2929.14(E)(4) is a "tripartite procedure." Statev. Hiles (Nov. 6, 2000), Hocking App. No. 99CA23, unreported, citing,State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender;" second, the court must find that the consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" he poses; and finally, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c).Id. The verb "finds," as used in R.C. 2929.14(E)(4) R.C. 2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. See Edmonson, 86 Ohio St.3d at 326; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21, unreported.
Additionally, the court must comply with R.C. 2929.19(B)(2)(c), which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * if it imposes consecutive sentences under [R.C. 2929.14.]" The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Brice.
Reed asserts that the record does not support the trial court's findings because (1) he must serve five years in West Virginia before he begins his sentence in Ohio; (2) he is sixty-two years old and suffers from Hepatitis C, arthritis, and disc problems; (3) in light of these health problems he is unlikely to pose any danger to the public in the future; and (4) his incarceration will needlessly burden the state's prison system. Reed's lengthy felony record indicates unfavorable responses to various criminal sanctions previously imposed, including prior prison terms. Riggs. The various offenses and Reed's history as a repeat offender support the trial court's decision that Reed is likely to commit future crimes, and therefore poses a great likelihood of recidivism. Thus, we find that Reed has failed to clearly and convincingly demonstrate that the record does not support the trial court's findings. Accordingly, we overrule Reed's second assignment of error.
 IV.
In his third assignment of error, Reed argues that his trial counsel was ineffective because she failed to file a motion to suppress evidence obtained as a result of the traffic stop and his confession, which was made while handcuffed. Reed points out that no reason for the traffic stop or the pat-down search appears in the record. He also notes that there is no evidence that he was given his Miranda warnings. He reasons that a reasonably effective counsel would have filed a motion to suppress.
The Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. Furthermore, the United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687. In order to prove the ineffective assistance of counsel, a criminal defendant must show that (1) counsel's performance was in fact deficient, i.e., not reasonably competent, and (2) such deficiencies prejudiced the defense so as to deprive the defendant of a fair trial. Strickland at 687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
A guilty plea waives all appealable errors except for errors that precluded the defendant from knowingly, intelligently and voluntarily entering that plea. State v. Spates (1992), 64 Ohio St.3d 269, 272-273. To establish such prejudice, the defendant must show that there is a reasonable probability that, but for the alleged error, the defendant would not have pled guilty and would have insisted on going to trial.Hill v. Lockhart (1985), 474 U.S. 52, 59; State v. Mootispaw (Mar. 26, 1998), Lawrence App. No. 97CA26, unreported.
Here, Reed does not allege that his counsel's ineffectiveness precluded him from knowingly, intelligently and voluntarily entering his plea. Reed also does not allege that but for his counsel's ineffectiveness, he would not have pled guilty and would have insisted upon going to trial. Accordingly, we overrule Reed's third assignment of error.
 V.
In sum, we overrule all of Reed's assignments of error and affirm the judgment of the trial court.
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
________________ Roger L. Kline Presiding Judge
[1] Different counsel represents Reed for this appeal.
[2] We note that this finding was not carried over into the trial court's sentencing entry. Ordinarily, a court speaks only through its journal, and not through a judge's oral comments. However we have previously held that in the interests of justice we will examine the entire record to determine the basis of a lower court judgment. State v.Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 98CA2589, unreported, citing State v. Patterson (Sept. 21, 1998), Washington App. No. 97CA28, unreported. Therefore, in felony sentencing cases, when a trial court must make findings or give its reasons for findings, they need not be specified in the sentencing entry as long as they are discernable from the record as a whole. Id. However, we wish to reiterate that the better practice is to articulate both the findings and reasons for the findings, when required, in the sentencing entry. Id.