OPINION
Defendant-appellant, Michael Proctor, appeals his conviction in the Warren County Court of Common Pleas for trafficking in cocaine.
On March 6, 2000, appellant was indicted by a Warren County grand jury on one count of trafficking in cocaine, R.C. 2925.03, a fifth degree felony. Appellant was arraigned on March 29, 2000. At the arraignment hearing, the trial court indicated that appellant was charged with two counts of assault. Appellant pled not guilty and requested that counsel be appointed to represent him. On June 12, 2000, appellant pled guilty to one count of trafficking in cocaine. The trial court sentenced appellant to nine months, to run concurrently with a prison sentence appellant was currently serving for a probation violation.
Appellant appeals his conviction, arguing in a single assignment of error that his constitutional right to due process and his right to a fair trial was violated because he was never charged, arraigned or indicted for trafficking in cocaine. Appellant contends that he did not knowingly, intelligently and voluntarily plead guilty.
However, a defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives the defendant's right to challenge a deprivation of a constitutional right at the preliminary hearing stage of a criminal proceeding. State v. Spates
(1992), 64 Ohio St.3d 269, 273. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id., quoting Tollett v. Henderson
(1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 1608.
A careful review of the record reveals that appellant's plea was made knowingly, intelligently and voluntarily. The trial court informed appellant that he was charged with trafficking in cocaine, a felony of the fifth degree. The trial court explained appellant's rights to him in detail, then informed appellant that he would be giving up these rights by pleading guilty. The court then discussed the possible sentencing range for a fifth degree felony and explained to appellant that if the court accepted the plea, it would proceed with judgment and sentence.
In addition, the record also establishes that appellant was aware that he was pleading guilty to a trafficking offense. With the exception of the statement at the arraignment hearing, the remainder of the record indicates that appellant was charged with trafficking in cocaine. The indictment, dated March 6, states that appellant is charged with trafficking in cocaine. The transcript of the June 12, 2000, hearing establishes that appellant understood that he was pleading guilty to one count of trafficking in cocaine. Appellant signed a change of plea at the hearing that indicates he was pleading guilty to one count of trafficking. The judgment entry of sentence states that appellant was sentenced for trafficking.
Accordingly, we find that appellant's plea to one count of trafficking in cocaine was entered into knowingly, intelligently and voluntarily, and that appellant was not deprived of his constitutional rights by any errors at the arraignment. The assignment of error is overruled.
Judgment affirmed.
 ___________ YOUNG, P.J.
WALSH and POWELL, JJ., concur.