OPINION
Appellant, Michael A. Salsgiver, appeals from the judgment of the Trumbull County Court of Common Pleas originally entered on December 27, 1999, and later amended on January 25, 2000.
The facts according to the prosecution's statements at the sentencing hearing are that in the early morning hours of July 24, 1999, appellant's girlfriend and her cousins beat up Crystal Key. Crystal Key is the sister of the victim, Ryan Key, and is also the mother of appellant's child. After the incident with Crystal Key, Ryan Key and appellant had an argumentative phone conversation, during which appellant said to the victim "[y]ou're going to die tonight." Mr. Key then went to look for appellant. Mr. Key found appellant's Blazer, which was occupied by some of appellant's friends near the corner of York Street and Ward Avenue in Warren, Ohio. Appellant was nearby on a motorcycle. Appellant got off the motorcycle and approached Mr. Key. A confrontation then occurred near the Blazer. During the confrontation, appellant shot five bullets from his gun, one of which hit Mr. Key in the groin. Mr. Key was transported to the hospital, and has since recovered from his injuries.
Appellant was indicted on August 31, 1999, by the Trumbull County Grand Jury for attempted murder, a first-degree felony, with a firearm specification. Appellant pled guilty on December 20, 1999, to a lesser charge of felonious assault, a second-degree felony, with a firearm specification. The plea agreement contained a joint sentencing recommendation of three years for the felonious assault charge, to be served consecutively with a three-year sentence for the firearm specification. The trial court imposed this recommended sentence on appellant.
Appellant raises one assignment of error:
 "The trial court failed to make the findings required by Ohio's sentencing scheme when it sentenced Mr. Salsgiver to his first term of imprisonment for longer than the minimum sentence available as required under R.C. 2929.14(B), denying Mr. Salsgiver his right to due process and meaningful appellate review under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. (Guilty Plea and Sentencing Hearing, T.p. 16)."
 Appellant is not challenging the three-year sentence imposed for the firearm specification. Appellant asserts that the three-year sentence imposed for the felonious assault conviction should be set aside, because the trial court failed to justify its decision not to impose the minimum sentence of two years for a second-degree felony for a defendant who has not been in prison.
Because appellant's sentence was imposed pursuant to a plea agreement, it is not reviewable according to R.C. 2953.08(D), which provides, in part: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
The Third District Court of Appeals recently addressed this very issue in State v. Bechstein (Mar. 23, 2001), Wyandot App. No. 16-2000-14, unreported, 2001 Ohio App. LEXIS 1332. In that case the defendant was indicted for aggravated arson, a first-degree felony, but pled to aggravated arson, a second-degree felony and to arson, a fourth-degree felony. The defendant was sentenced to four years in prison for the aggravated arson conviction and one year for the arson conviction, as recommended by the plea agreement. The defendant argued that the trial court erred when it failed to impose the minimum sentence under R.C.2929.14(B), to which the Third District responded, "[s]entences imposed pursuant to plea agreements are protected from appellate challenges pursuant to R.C. 2953.08(D), which provides that when a sentence is authorized by law and jointly recommended by the defendant and the prosecution, the sentence is not subject to review if it is imposed by the sentencing judge." Id. at *4-5, citations omitted.
The record indicates that appellant freely and knowingly entered into the plea agreement. The only issue is whether the agreement was authorized by law. The Third District Court of Appeals held that a "jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for such offense." State v. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21, unreported, 1999 Ohio App. LEXIS 941, at *6.
In the case at bar, the sentence of three years on the underlying conviction is well within the maximum statutory limit, eight years, for a second-degree felony. R.C. 2929.14(A).
Because appellant entered into a plea agreement with the prosecution, and the recommended sentence was imposed by the trial court and is not contrary to law, appellant's sentence is not subject to review pursuant to R.C. 2929.14(B), because of the directions contained in R.C. 2953.08(D).
Appellant argues that because he had not previously served prison time,[1] the trial court must explain its decision not to impose the shortest sentence possible pursuant to R.C. 2929.14(B), which states, in relevant part:
 "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 The minimum sentence for a second-degree sentence is two years. R.C. 2929.14(A). The trial court did not mention either of the above reasons for not imposing the minimum sentence on the record. The Supreme Court of Ohio has held that this language must be specified on the record to satisfy the criteria of R.C. 2929.14(B). See State v. Edmonson (1999), 86 Ohio St.3d 324, 327.
In this case, appellant was indicted for attempted murder, a first-degree felony. Instead of proceeding to a trial, appellant freely and knowingly entered into a deal with the prosecution. Part of this deal was the recommended sentence of three years. In fact, appellant's counsel prayed for the court to be merciful and only impose the agreed upon three-year sentence for the underlying offense. The court honored the agreement between appellant and the state and imposed the jointly recommended sentence. Appellant received the benefit of his bargain in this case, as attempted murder charges were dropped in exchange for him pleading to the lesser offense.
The United States Supreme Court has held that an individual can waive their constitutional rights to a jury trial and to confront witnesses through a valid plea agreement. Brady v. United States (1970),397 U.S. 742. The Supreme Court of Ohio has similarly held that constitutional rights can be waived through a valid plea agreement pursuant to Crim.R. 11(C)(2)(c). State v. Spates (1992), 64 Ohio St.3d 269. We, therefore, hold that because an accused can waive his constitutional rights in a plea agreement, he can certainly also waive his statutory rights in a plea agreement. Here, appellant's statutory rights, to have the trial court provide reasons for not issuing the minimum sentence according to R.C. 2929.14(B) were effectively waived by his valid plea agreement with the state.
Because the court was imposing a jointly recommended sentence, we hold that the Edmonson requirements relating to R.C. 2929.14(B), did not need to be met. The court was following the parties' wishes, when it did not impose the minimum sentence.
Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
 ____________________________ JUDGE WILLIAM M. O'NEILL
FORD, J., CHRISTLEY, J. concur.
[1] Appellee is unsure as to whether or not appellant has served prison time prior to this offense. Appellee contends that since appellant waived his pre-sentence investigation report, the trial court did not have any evidence of appellant's criminal record before it when it issued this sentence.