[Cite as *State v. Shamblin*, 2011-Ohio-2688.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00126 |
| KAYLON D. SHAMBLIN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal appeal from the Licking County
Court of Common Pleas, Case Nos.
10CR312 and 10CR361

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        June 2, 2011

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

No Appearance        JUSTIN T. RADIC
57 East Main Street
Newark, OH 43055

*Gwin, P.J.*

{¶1} Appellant, Kaylon D. Shamblin, was indicted in two cases which were later consolidated for the purposes of sentencing. In the first case, Appellant was indicted on one count of abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2), one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(1), and one count of disseminating matter harmful to juveniles, a felony of the fifth degree. In the second case, Appellant was indicted on four counts of unlawful sexual conduct with a minor, felonies of the fourth degree in violation of R.C. 2907.04(A) and (B)(1).

{¶2} Appellant entered pleas of guilty to all counts in both cases. Appellant was sentenced to a term of two years on the abduction charge, a term of one year on the gross sexual imposition charge, and a nine month prison term for disseminating matter harmful to juveniles. All three of these sentences were ordered served concurrent with one another, however, they were also ordered to be served consecutive to the sentences imposed in the second case for unlawful sexual conduct with a minor. The trial court imposed one year prison terms for each of the four counts of unlawful sexual conduct with a minor for a total prison term of six years. The trial court also imposed a five year period of mandatory post release control.

{¶3} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error. Appellee did not file a brief. Counsel for Appellant has raised a

potential assignment of error asking this Court to determine whether Appellant's plea was entered knowingly, intelligently, and voluntarily.

{¶4} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶5} Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738. We now will address the merits of Appellant's Potential Assignment of Error.

I.

{¶6} In his potential Assignment of Error, Appellant suggests his plea was not entered knowingly, intelligently, and voluntarily. A review of the plea hearing demonstrates the trial court complied with the mandate of Crim. R. 11 in accepting Appellant's guilty plea. The trial court explained to Appellant all of his rights, the potential penalties, and the effect of entering the guilty pleas.

**{¶7}** As we outlined in *State v. Sullivan*, 2007 WL 2410108, 2-3 (Ohio App. 5 Dist.,2007), a determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates* (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. *State v. Nero* (1990), 56 Ohio St.3d 106, 108.

**{¶8}** To ensure that a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *Engle,* 74 Ohio St.3d at 527.

**{¶9}** The Appellant indicated he had read the indictment, read plea of guilty forms, which contain an explanation of Appellant's constitutional rights, and discussed these items with his attorney. The trial court orally went over all of the required information to comply with Crim.R. 11. There is absolutely no evidence Appellant's plea was not entered knowingly, intelligently, and voluntarily.

**{¶10}** Appellant's first Assignment of Error is overruled.

{¶11} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Licking County Court of Common Pleas.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0601

[Cite as *State v. Shamblin*, 2011-Ohio-2688.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                    Plaintiff-Appellee :
                                       :
                                       :
                                       :
-vs-                                   :         JUDGMENT ENTRY
                                       :
KAYLON D. SHAMBLIN                     :
                                       :
                                       :
                    Defendant-Appellant :        CASE NO. 2010-CA-00126


        For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Licking County Court of Common Pleas is affirmed.  Costs to appellant.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. WILLIAM B. HOFFMAN


                                        _____
                                        HON. JOHN W. WISE