[Cite as *State v. Benson*, 2021-Ohio-1013.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0047** |
| ANTHONY D. BENSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2019 CR 00730.

Judgment: Affirmed.

*Colleen M. O'Toole,* Ashtabula County Prosecutor, and *Elchanan G. Stern,* Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Eric D. Hall,* P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Anthony D. Benson, appeals from the judgment of the Ashtabula County Court of Common Pleas, convicting him, after entering a plea of guilty, on one count of robbery and sentencing him to a term of three years. Appellant takes issue with the trial court's denial of his pre-plea request to: appoint new counsel or, in the alternative, represent himself. We affirm.

{¶2} Appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; one count of robbery, in violation of R.C.

2911.02(A)(2), a felony of the second degree; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; and one count of grand theft, in violation of R.C. 2913.02(A)(1)(B)(2), a felony of the fourth degree. Appellant pleaded not guilty. Later, on June 15, 2020, appellant withdrew his plea of not guilty and entered into a plea of guilty to one count of robbery. The trial court nolled the remaining counts, accepted appellant's plea, and sentenced him to a recommended three-year term of imprisonment. He now appeals and assigns the following error:

{¶3} "The trial court erred and abused its discretion when it denied appellant's request to remove his counsel of record and appoint new counsel or allow appellant to represent himself thereby denying appellant his Sixth Amendment right to counsel."

{¶4} During a March 24, 2020 pretrial, the state represented it was prepared to offer appellant a plea to one count of felony-two robbery with a stipulated sentence of five-years imprisonment. Appellant stated his belief that he was guilty of grand theft, but not robbery and declined the offer in open court. After he conferred with counsel, counsel made the following statement on record:

{¶5}  Your Honor, if we may, I would like to put on the record that my recommendation to [appellant] has been that he accept the state's plea offer. And we've talked about the evidence, and I've explained to him why I think that there are reasonable expectations that a jury might find that there indeed was a robbery, even though he doesn't feel there was. He has indicated that he did not want me to represent him, and in fact in the conference room earlier had even said that he would want to represent himself.

{¶6} Appellant was given the opportunity to speak and stated: "[s]ince day one, Your Honor, he's laughed at me. He laughed at me when he first came in, and he said wasn't going to …, and he's been telling me bad counsel advice the whole time. And I just, he's not wanting to help me, so I might as well try it myself." After determining

2

appellant did not have the funds to hire private counsel, the court discouraged him from representing himself. The court explained the technical pitfalls of doing so and advised appellant he would be required to follow the same rules as a licensed attorney. The court further noted that it was disinclined to remove counsel under the circumstances. Appellant's only response was "[r]ight."

{¶7} Later, appellant pleaded guilty to robbery with a state recommended sentence of three years. During the colloquy, the trial court fully explained the Constitutional and statutory rights appellant was waiving, including his right to proceed to a jury trial. The court also determined appellant knowingly, intelligently, and voluntarily accepted the plea. In the course of the colloquy, the court also ascertained appellant consulted with defense counsel (the same attorney representing him during the March hearing) and counsel answered all questions to his satisfaction. The court then accepted appellant's guilty plea.

{¶8} Appellant's guilty plea was a complete admission of his guilt. "'[A] guilty plea represents a break in the chain of events that precede it in the criminal process.'" *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). "When a defendant enters a plea of guilty, he waives all appealable errors that might have occurred unless the errors precluded the defendant from entering a knowing, voluntary, and intelligent plea." *Id.* A plea of guilty even waives the right to claim that a defendant was prejudiced by ineffective assistance of counsel, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary." *Id.* at 272.

3

{¶9} With this in mind, an indigent defendant has a right to competent counsel, not a right to counsel of his own choosing. *State v. Blankenship*, 102 Ohio App.3d 534, 558, (12th Dist.1995), affirmed, 74 Ohio St.3d 522 (1996). The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983). Rather, an indigent defendant is entitled to the appointment of substitute counsel only for good cause, such as an actual conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. *Blankenship*, *supra*, at 558.

{¶10} Furthermore, to discharge a court-appointed attorney, the defendant must show "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286 (1988), paragraph four of the syllabus. In short, the conflict must be so severe that a denial of substitution of counsel would implicate a violation of the Sixth Amendment right to counsel. *Blankenship, supra,* at 558. In the absence of such a Sixth Amendment concern, the decision of a trial court to refuse substitution of counsel will be reversed only if the court has abused its discretion. *State v. Pruitt*, 18 Ohio App.3d 50, 57 (8th Dist.1984).

{¶11} Here, appellant argues, without significant detail, that the trial court abused its discretion by denying his request. Appellant seems to claim that the court failed to conduct a sufficient inquiry into appellant's request. Appellant, however, does not elaborate on how the court's commentary and discussion with appellant regarding his request was deficient. Appellant's contention is not compelling.

4

{¶12} Under the circumstances, the trial court addressed appellant's request at the March hearing and apprised him of the obvious problems a criminal defendant will inevitably encounter in proceeding pro se. The court further explained that, to the extent appellant could not hire a private attorney, it would not remove counsel. While the court did not significantly elaborate on its decision, there was no objective animosity or conflict between appellant and counsel. Further, both counsel and appellant (despite appellant's blank assertion that counsel laughed at him and, in his view, had not provided proper legal advice at the time of the initial offer) had ostensibly effective communication between one another.

{¶13} Moreover, later, the court conducted a complete plea colloquy. The previous plea recommended five years imprisonment; the plea appellant entered recommended three years, and the court accepted the recommendation. Although appellant had previously voiced his belief that he was not guilty of robbery, it would appear he knowingly and voluntarily changed his mind. We cannot know appellant's motivation for his change in position; we can nevertheless reasonably speculate that the negotiated-down prison term had some significant impact. There is no indication or allegation that counsel was ineffective. And, importantly, appellant does not assert his plea was not entered knowingly, voluntarily, and intelligently. Finally, there is no indication of a conflict or communication breakdown so severe as to rise to a Constitutional violation. To the contrary, the record indicates appellant appreciated counsel's performance at the time of the plea hearing and admitted counsel explained matters in a satisfactory fashion. We therefore find no error in the trial court's denial of his request to substitute counsel or, alternatively, proceed pro se.

{¶14} Appellant's assignment of error is without merit.

{¶15} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.