[Cite as *State v. Hess*, 2025-Ohio-4429.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0003 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court, Case No. CRB2400164 |
| DONALD L. HESS, JR., | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: September 19, 2025 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, Muskingum County Prosecutor's Office, for Plaintiff-Appellee; ROSE M. FOX, for Defendant-Appellant.

*Baldwin, P.J.*

**{¶1}** The appellant, Donald Hess, Jr., appeals his conviction and sentence for Violating a Protection Order in the Muskingum County Court. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}** On March 18, 2024, the appellant appeared before the Muskingum County Court for a hearing regarding charges of Aggravated Burglary, Felonious Assault, and Domestic Violence. At the hearing, the trial court issued a temporary protection order. The appellant did not appeal the issuance of the protection order.

**{¶3}** On April 15, 2024, the appellant appeared in the trial court for arraignment for allegedly violating the March 18, 2024, protection order. The appellant entered a plea of not guilty.

**{¶4}** On November 18, 2024, the appellant entered a plea of guilty to one count of Violating a Protection Order in violation of R.C. 2919.27(A)(1).

**{¶5}** The appellant timely filed his appeal and raised the following assignment of error:

**{¶6}** "I. THE TRIAL COURT ERRED WHEN IT GRANTED THE TEMPORARY PROTECTION ORDER WITHOUT A HEARING AS REQUIRED UNDER THE STATUTE."

## I.

**{¶7}** In his sole assignment of error, the appellant argues the trial court erred when it granted the temporary protection order without a hearing. We disagree.

**{¶8}** The entry of a plea of guilty is a decision by an accused to dispense with a trial and allow the State to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

**{¶9}** The Supreme Court of the United States has previously stated:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Furthermore, "[A] guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Menna v. New York* (1975), 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195, fn. 2. Therefore, a defendant who, like the appellant, voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett* at 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. See, also, *Ross v. Auglaize Cty. Common Pleas Court* (1972), 30 Ohio St.2d 323 (by entering a valid guilty plea, the defendant waives all nonjurisdictional defects in prior stages of proceedings); *State v. Spates* (1992), 64 Ohio St.3d 269, 271-273, 595 N.E.2d 351.

**{¶10}** In the case sub judice, the appellant never challenged or appealed the granting of the temporary protection order until he had already pleaded guilty to violating it. The appellant cites our decision in *State v. Conkle*, 2003-Ohio-2410 (5th Dist.). However, *Conkle* is distinguishable. In that case, the appellant had not entered a guilty plea but had instead directly appealed the issuance of the temporary protection order. *Id.* In the case sub judice, the appellant never challenged the issuance of the order until after he entered a plea of guilty to violating it.

**{¶11}** Accordingly, the appellant's challenge to the issuance of the temporary protection order is barred. By entering a guilty plea, the appellant has waived his right to assert pre-plea nonjurisdictional defects in stages of the proceedings prior to entering the plea.

**{¶12}** The appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶13}  Based upon the foregoing, the judgment of the Muskingum County Court is hereby affirmed.

{¶14}  Costs to the appellant.


By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.