DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a guilty plea, in which the trial court found appellant, Brian K. Towbridge, guilty of one count of possession of crack cocaine, and sentenced him to serve three years in prison.
 {¶ 2} Appointed counsel, Daniel H. Grna, has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any meritorious, appealable issues. Counsel for appellant does, however, set forth the following as "arguable matter" for appeal:
 {¶ 3} "[W]hether Mr. Towbridge was erroneously sentenced to a term greater than the shortest prison term authorized for the offense in violation of R.C. 2929.14(B)."
 {¶ 4} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in Anders, supra and State v. Duncan (1978),57 Ohio App.2d 93. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} In addition to the "arguable matter" identified by counsel, appellant has filed a pro se brief in response to counsel's request to withdraw, in which he sets forth arguments in support of three separate assignments of error, which are as follows:
 {¶ 6} "1) Ineffective assistance of counsel, due to the fact [counsel] never filed for a motion to discovery, a motion to suppress evidence, never challenged the affidavit of search warrant, coercion of my gulity [sic] plea, and his failure of never informing me of my appeal rights or the seriousness of my pleadings as if he was high or on a controlled substance.
 {¶ 7} "2) Broken plea agreement, not returning my car, and promised me the minimum sentence.
 {¶ 8} "3) Judge Ruth Ann Franks, sentenced appellant to more than the minimum sentence, being as I'm a first time prison offender. The judge error [sic] in exepting [sic] my guilty plea as I did not understand my rights knowingly, intelligently, and voluntarily."
 {¶ 9} This court shall proceed with an examination of the potential errors set forth by appellant and his appointed counsel, and the entire record below, to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 10} The facts relevant to this appeal are as follows. On July 18, 2001, appellant was indicted by the Lucas County Grand Jury on one count of possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(d), and one count of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(e). On September 10, 2001, appellant entered a plea of guilty to count one of the indictment pursuant to a plea bargain, in which the state agreed not to pursue the drug trafficking charge.
 {¶ 11} Before accepting appellant's plea, the trial court addressed appellant personally and explained the nature of the charges against him and the maximum penalties involved, including the fact that appellant would not be eligible for probation. The court then inquired of appellant as to whether he was making his guilty plea voluntarily, informed appellant as to the nature and effect of his plea, and told him that by making the plea he was waiving his right to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. Appellant replied that he was aware of his constitutional rights, he was satisfied with his legal representation, and he was ready to enter a plea of guilty. The trial court further informed appellant that, by entering a guilty plea, he would be limited on appeal to contesting only the plea and sentencing proceedings. At all stages of the plea hearing, appellant responded that he understood his constitutional rights, he had received no threats or promises in exchange for his plea, and the plea was knowingly and voluntarily entered.
 {¶ 12} After ascertaining the facts which formed the basis of the charge against appellant, the trial court accepted appellant's written plea and found him guilty of possession of crack cocaine. The matter was set for sentencing.
 {¶ 13} On October 4, 2001, a sentencing hearing was held at which the trial court informed appellant that he could receive a mandatory prison sentence of between two and eight years, in addition to receiving a mandatory fine of $7,500 to $15,000 and a mandatory suspension of his driver's license for six months to three years. In addition, the court informed appellant as to the terms of post-release control and the ramifications of violating the terms of post-release control. After being so informed, appellant again stated that he wished to enter a plea of guilty.
 {¶ 14} Before sentencing appellant, the trial court reviewed appellant's criminal history, which included a prior conviction for aggravated drug trafficking and six misdemeanor convictions. The trial court stated that it had taken into consideration the principles of sentencing stated in R.C. 2929.11, balancing them against the seriousness and recidivism factors set forth in R.C.2929.12. In particular, the trial court noted that the facts surrounding appellant's case are serious, in that appellant had drugs in his home. The court found that there was a chance of recidivism, since appellant sold drugs in the past, and had "not responded favorably to sanctions previously imposed."
 {¶ 15} In addition to the findings set forth above, the trial court found, pursuant to R.C. 2929.14(B)(2), that "the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public." Accordingly, the trial court sentenced appellant to a three-year prison term, ordered him to pay a $7,500 fine, and suspended his driver's license for three years.
 {¶ 16} Appellant essentially argues in support of his first assignment of error that he received ineffective assistance of trial counsel because counsel did not attempt to suppress evidence obtained through the search of appellant's home.
 {¶ 17} This court has held that "[t]he entry of a guilty plea is an admission of factual guilt." State v. Maples (Mar. 11, 1994), 6th Dist. App. No. L-93-009; Crim.R. 11(B)(1). Accordingly, when a criminal defendant pleads guilty to the offense with which he has been charged, he is limited on appeal to attacking only the voluntary and intelligent character of the guilty plea, and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v.Spates (1992), 64 Ohio St.3d 269, 272, citing Tollett v.Henderson (1973), 411 U.S. 258, 267.
 {¶ 18} On appeal, the trial court's acceptance of a guilty plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complied with the procedure set forth in Crim.R. 11. State v.Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 19} Crim.R. 11(C)(2) states:
 {¶ 20} "In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 21} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 22} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 23} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant is guilty beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 24} Upon consideration of the record as set forth above and the law, we conclude that the trial court complied with the dictates of Crim.R.11 before accepting appellant's guilty plea. In addition, we note that appellant told the court that he understood his rights and was satisfied with his legal representation, he was entering his guilty plea freely and voluntarily, and that no promises were made to him in exchange for the plea except that the appellant would not be prosecuted for drug trafficking. Accordingly, we find that appellant's guilty plea was knowingly, voluntarily and intelligently made.
 {¶ 25} Appellant argues in support of his second assignment of error that his guilty plea was not knowingly, voluntarily and intelligently made because counsel misled him as to the ramifications of a guilty plea, and the plea bargain was broken because his automobile was not returned.
 {¶ 26} Having found that appellant's plea was knowingly, intelligently and voluntarily made, we further conclude appellant's claim that he received ineffective assistance of counsel prior to entering his guilty plea was therefore waived. See Spates, supra, at 272, citing Tollett, supra, at 267. In addition, the record shows that appellant's automobile, which was seized by police as a result of the search for drugs, was ordered returned to appellant's wife on June 13, 2002. Appellant's second assignment of error is not well-taken.
 {¶ 27} Appellant argues in support of his third assignment of error that the trial court erred by ordering him to serve more than the minimum prison sentence.
 {¶ 28} R.C. 2929.14(B) provides that the trial court must impose the minimum sentence on an offender who has not previously served a prison term, unless the court finds one of the following on the record:
 {¶ 29} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 30} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 31} The Supreme Court of Ohio has held that, "pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing."State v. Comer (2003), 99 Ohio St.3d 463, 469, 2003-Ohio-4165, ¶ 26. However, the trial court is not required to give specific reasons for its finding pursuant to R.C. 2929.14(B)(2). Id., citing State v. Edmonson (1999), 86 Ohio St.3d 325, syllabus.
 {¶ 32} In this case, as set forth above, the trial court stated at the sentencing hearing that it considered the principles stated in R.C. 2929.11 and balanced them against the seriousness and recidivism factors set forth in R.C. 2929.12. Thereafter, the court found, both on the record and in its sentencing judgment entry, pursuant to R.C. 2929.14(B)(2), that "the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public."
 {¶ 33} Upon consideration of the foregoing, we find that the trial court did not err by sentencing appellant to more than the minimum sentence in this case. Appellant's third assignment of error is not well-taken.
 {¶ 34} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Court costs of his appeal are assessed to appellant.
Judgment Affirmed.
Handwork, Knepper and Lanzinger, JJ., concur.