OPINION
{¶ 1} Defendant-Appellant, Brad A. Mullins, appeals the judgment and sentence of the Common Pleas Court of Wyandot County, Ohio, in which defendant pled guilty to one count of unlawful sexual conduct with a minor in violation of R.C.2907.04(A).
 {¶ 2} On January 23, 2004 the Wyandot County prosecutor filed a Bill of Information charging defendant with a violation of R.C.2907.04(A), a felony of the third degree. At the hearing on the Bill of Information, defendant waived the Indictment, and plead guilty to the offense. As part of the plea negotiations, the prosecutor and defendant agreed that "the State of Ohio will recommend imposition of a prison sentence of more than the minimum sentence." After conducting a colloquy with defendant, the trial court found that there was a factual basis for the plea and found defendant guilty.
 {¶ 3} After a presentence investigation was conducted, the court held a sentencing hearing on March 4, 2004. After consideration of the information presented in the presentence investigation report, and upon the information presented at the sentencing hearing, the trial court sentenced defendant to four years in prison. The maximum prison sentence for violations of R.C. 2907.04(A) is five years. The court memorialized these proceedings in its March 5, 2004 judgment entry.
 {¶ 4} Defendant now appeals the sentence imposed by the trial court, asserting the following two assignments of error:
Appellant contends that his guilty plea was not knowing,intelligent, and voluntary because the trial court failed toclearly inform him that it was not bound by the State'srecommended sentence.
 The Appellant was denied the effective assistance of trialcounsel in the Trial Court proceedings.
 {¶ 5} Defendant's first assignment of error argues that his guilty plea was not voluntary, knowing and intelligent because he was not properly informed that the trial court was not required to accept the prosecutor's recommendation. A guilty plea has serious consequences for a defendant, and therefore a trial court must not accept a plea unless it was made voluntarily, knowingly, and intelligently. See State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115. Furthermore, a defendant challenging a guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made bears the burden of demonstrating a prejudicial effect. State v. Stewart (1977),51 Ohio St.2d 86, 93. The test is whether the plea would have otherwise been made. Id.; see also State v. Mohr (Sept. 16, 1999), 1999-Ohio-873, unreported, 1999 WL 797048, at *2.
 {¶ 6} Defendant argues that he believed the State's recommendation of a sentence "more than the minimum" would mean he would receive a sentence "closer to the minimum of the sentencing range," whereas his actual sentence was much closer to the statutory maximum sentence. For the following reasons, defendant's first assignment of error is not well taken.
 {¶ 7} Ohio Crim.R. 11(C)(2) outlines the procedures trial courts must follow for accepting guilty pleas. Pursuant to that rule, before accepting a guilty plea the trial court must first conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving by doing so. Crim.R. 11(C)(2); see alsoState v. Tucci, 7th Dist. No. 01 CA 234, 2002-Ohio-6903. This rule has both constitutional and non-constitutional elements, which require different procedures of the trial court judge.
 {¶ 8} First, a trial court must specifically inform a defendant that there are four rights a guilty plea waives. The United States Supreme Court held that the defendant must be made aware of his rights to trial by jury, confrontation of witnesses, and the privilege against self-incrimination. Boykin v. Alabama
(1969), 39 U.S. 238. The Ohio Supreme Court has also required that the defendant be made aware that a guilty plea waives the right to compel witnesses by compulsory process. State v.Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Although using the exact language of Crim.R. 11 is not required, the court must advise the defendant that a plea of guilty waives each of these rights. Id. at 479-81.
 {¶ 9} However, when non-constitutional rights are involved, the Supreme Court has applied a liberal "substantial compliance" test to determine if the court properly informed the defendant of the rights being waived. State v. Nero (1990),56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v.Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
 {¶ 10} We find that defendant's guilty plea was made knowingly, voluntarily, and intelligently under either of the above rules. First, the record clearly demonstrates that the trial court engaged in Crim.R. 11(C)'s required colloquy. The court impressed upon defendant that he was waiving certain constitutional and non-constitutional rights by both waiving Indictment and pleading guilty to the charged offense:
THE COURT: Do you understand by pleading guilty, you give upyour right to a jury or court trial? At that trial you have theright to be present, to be represented by counsel and continue tobe represented by counsel if you cannot afford one at publicexpense?
 MR. MULLINS: Yes, Your Honor.
 THE COURT: You understand you give up your right to confrontand have your attorney question witnesses against you, . . . youunderstand you do not have to call witnesses; however, if youneeded to call them you're entitled to summon and have thempresent to testify in your own behalf?
 MR. MULLINS: Yes, Your Honor.
 THE COURT: You understand that at trial you would not have totake the witness stand and could not be forced to testify againstyourself and no one could comment if you chose not to testify?
 MR. MULLINS: Yes, Your Honor.
 THE COURT: You understand you are waiving your right to havethe State of Ohio prove your guilt beyond a reasonable doubt oneach and every element of the charge?
 MR. MULLINS: Yes, Your Honor.
 THE COURT: Do you understand by pleading guilty you admitcommitting the offense and will tell the Court the facts andcircumstances surrounding your guilt?
 MR. MULLINS: Yes, Your Honor.
 THE COURT: Do you understand the Court does not have tofollow any Recommendation and may either sentence you today orrefer your case for a presentence investigation?
 MR. MULLINS: Yes, Your Honor.
 THE COURT: Do you understand your right to appeal a maximumsentence, your other limited appellate rights and, that anyappeal must be filed within 30 days of my sentence?
 MR. MULLINS: Yes, Your Honor.
 THE COURT: And, again, are you entering the plea voluntarily?
 MR. MULLINS: Yes, Your Honor.
 {¶ 11} Furthermore, defendant's written guilty plea contains the following language:
The State of Ohio will recommend imposition of a prisonsentence of more than the minimum sentence.
. . .
I understand that the Court does not take part in any SentenceRecommendation, and may impose the maximum sentence for theseoffenses, if appropriate findings are made.
 {¶ 12} Therefore, it is clear that defendant acknowledged both orally and in writing that he was aware of the rights he was waiving by pleading guilty and that the trial court was not bound by the State's sentence recommendation.
 {¶ 13} Moreover, the trial court's ultimate sentence did follow the language of the recommendation itself, in that defendant was sentenced to "more than the minimum sentence." Based on the foregoing, defendant's first assignment of error is overruled.
 {¶ 14} In his second assignment of Error, defendant argues that he was denied effective assistance of counsel in the trial court proceedings. This assignment of error is also not well taken.
 {¶ 15} The entry of a guilty plea is an admission of factual guilt. See Crim.R. 11(B)(1). A criminal who pleads guilty is limited on appeal; he may only attack the voluntary and intelligent nature of the plea, and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."State v. Spates (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351, citing Tollett v. Henderson (1973), 411 U.S. 258, 267,93 S.Ct. 1602, 36 L.Ed.2d 235.
 {¶ 16} Therefore, "a defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of a criminal proceeding. Spates,64 Ohio St.3d at 273. A guilty plea constitutes a waiver of a claim of ineffective assistance of counsel, unless counsel's conduct affected the voluntary nature of the plea. Id.; see State v.Tillman, 6th Dist. No. H-02-004, 2004-Ohio-1967, ¶ 22, State v.Towbridge, 6th Dist. No. L-02-1125, 2004-Ohio-481, at ¶ 26.
 {¶ 17} As discussed previously, we find that defendant's guilty plea was made voluntarily, knowingly, and intelligently. We therefore also find that counsel's conduct did not affect the voluntary nature of the plea. Based on the foregoing, defendant's second assignment of error is overruled and the judgment and sentence of the trial court is affirmed.
Judgment affirmed.
Cupp and Bryant, JJ., concur.