OPINION
{¶ 1} Defendant-Appellant, Raymond R. Mata, appeals the judgment of the Court of Common Pleas, Allen County, Ohio, denying his post-sentence motion to withdraw guilty plea.
 {¶ 2} On July 12, 2001 the Allen County Grand Jury indicted Mata, charging him with two counts of attempted rape in violation of R.C. 2907.02(A)(1)(b) and 2923.03, felonies of the second degree; four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies in the third degree; and one count of failure to comply with order or signal of police officer, a felony of the fourth degree in violation of R.C. 2921.331(B) 
(C)(4). On August 23, 2001 Mata negotiated a plea agreement in which he pled guilty to one count of attempted rape and one count of gross sexual imposition, and the remaining charges were dismissed.
 {¶ 3} Subsequent to a presentence investigation, the court conducted a sentencing hearing on October 4, 2001. After consideration of the information presented in the presentence report, and upon consideration of the information presented at the sentencing hearing, the trial court sentenced Mata to a seven year prison term on the attempted rape count and a four year prison term on the gross sexual imposition count, sentences to be served consecutively.
 {¶ 4} On June 24, 2004 Mata filed a motion to withdraw his guilty plea. The trial court denied the motion in its June 28, 2004 judgment entry. Mata now appeals from that judgment, asserting four assignments of error:
The trial court committed plain error in denying appellant towithdraw his guilty [plea] when appellant demonstrated a manifestmiscarriage of justice was committed during appellant's change ofplea proceedings, thus, appellant was denied his sixth andfourteenth amendment rights of the Ohio and United StatesConstitution. [sic]
 Appellant was deprived of his Sixth and Fourteenth AmendmentRights under the Ohio and United States Constitution through theineffective assistance of counsel. [sic]
 Appellant was denied the effective assistance of counsel whencounsel made reference to his religious belief thereby,prejudicing the appellant and denying him due process of law tobe represented zealously by an attorney with the best interestsof his client in mind in violation of the Sixth andFourteenth Amendments of the Ohio and United States Constitution. [sic]
 The Trial committed plain error when it imposed a sentenceupon the appellant which was contrary to statutory anddecisionary law. [sic]
 I {¶ 5} In his first assignment of error, Mata argues that the trial court abused its discretion by failing to grant his motion to withdraw his guilty plea because prescribed medications he had taken the night before prevented him from making a voluntary, knowing, and intelligent waiver of his constitutional rights.
 {¶ 6} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which states:
A motion to withdraw a plea of guilty . . . may be made onlybefore sentence is imposed; but to correct manifest injustice thecourt after sentence may set aside the judgment of conviction andpermit the defendant to withdraw his or her plea.
Mata filed his motion to withdraw his guilty plea over two years after the imposition of his sentence. Therefore, the trial court could only grant his motion to withdraw his plea if it found a manifest injustice.
 {¶ 7} The Ohio Supreme Court has stated that the requirement in Crim.R. 32.1 that there be a manifest injustice before a court can allow a withdraw of a guilty plea limits the availability of withdrawals to "extraordinary cases." State v. Smith (1977),49 Ohio St.2d 261. The burden of demonstrating a "manifest injustice" rests with the defendant, and the decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. Id. Accordingly, "this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court." State v. Nathan (1995), 99 Ohio App.3d 722, 725.
 {¶ 8} In the instant case, Mata argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea because he told the court that he had taken pain medication the night before the hearing. He argues that this medication influenced his judgment at the hearing, and that therefore he "was not mentally responsible for entering his plea of guilty." Therefore, he argues, the court's acceptance of his guilty plea under these circumstances constitutes a manifest injustice.
 {¶ 9} We note that this is the first time Mata has raised this argument — he did not argue it in his motion to withdraw his plea. Therefore, this assignment of error is not properly before this court. See State v. Nathan (1995), 99 Ohio App.3d 722,725.
 {¶ 10} Moreover, a review of the record illustrates that the trial court did take into account the fact that Mata had taken pain medication the night before the hearing. Upon questioning the defendant, the trial court concluded that the medication did not affect his use of his faculties or alter his decision-making abilities. The transcript of the change of plea proceedings contains the following dialogue:
THE COURT: Have you, in the last forty-eight hours, consumedany alcoholic beverage of any kind or any drug of any kind,including any prescription medications? That's in the last coupleof days.
 DEFENDANT: Yea. At night I get some pain pills for my foot.
 THE COURT: Okay.
 DEFENDANT: It's for my foot.
 THE COURT: Are they affecting your thinking this morning? Youtook those last night.
 DEFENDANT: No, sir.
 THE COURT: Do they cloud up your thinking at all?
 DEFENDANT: No, sir.
 THE COURT: Do they affect your ability to communicate withyour lawyer?
 DEFENDANT: No, sir.
 THE COURT: Do the pain pills affect your ability to hear andunderstand what I'm saying?
 DEFENDANT: No, sir.
 THE COURT: Do the pain pills affect your ability to makedecisions for yourself?
 DEFENDANT: So far it doesn't appear to.
 THE COURT: You don't feel like you're under the effect? Otherthan they might be helping with the pain, they aren't affectingyour mental ability at this point?
 DEFENDANT: No, sir.
 THE COURT: Do you feel like you've got full possession of allyour faculties?
 DEFENDANT: Yes, sir.
 THE COURT: You've had plenty of time to talk with [yourattorney]?
 DEFENDANT: Yes, sir, I have.
 THE COURT: Have you been able to understand everything I'vegone over.
 DEFENDANT: Yes, sir.
. . .
THE COURT: Thank you. Based upon [defendant's] representation,based upon the conversation the Court has had with Mr. Mata inCourt, based upon the fact that after the conversation theCourt's had after he's been advised of all his rights and all theramifications, and Mr. Mata has signed his name in open court tothe written plea of guilty, the court will make the finding thatMr. Mata is knowingly and voluntarily changing his plea. . . .
Based upon the foregoing, we find that the trial court properly considered the affect defendant's pain medication had on his ability to make a voluntary, knowing and intelligent guilty plea. Accordingly, Mata has failed to demonstrate that it was a manifest injustice to accept the plea, and the trial court did not abuse its discretion in accepting that plea. Mata's first assignment of error is therefore overruled.
 II {¶ 11} In his second and third assignments of error, Mata asserts that he was denied effective assistance of counsel, and therefore we will discuss the two assignments together. Mata argues that but for his counsel's ineffectiveness at the change of plea proceeding, he would not have pled guilty to the charges.
 {¶ 12} The entry of a guilty plea is an admission of factual guilt. See Crim.R. 11(B)(1). A criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates (1992), 64 Ohio St.3d 269, 272,595 N.E.2d 351, quoting Tollett v. Henderson (1973),411 U.S. 258, 267.
 {¶ 13} Therefore, "a defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of a criminal proceeding." Spates,64 Ohio St.3d at 273. A guilty plea constitutes a waiver of a claim of ineffective assistance of counsel unless counsel's conduct affected the voluntary nature of the plea. Id.; see also Statev. Tillman, 6th Dist. No. H-02-004, 2004-Ohio-481, at ¶ 26.
 {¶ 14} To demonstrate ineffective assistance of counsel, the burden is on the criminal defendant to "show that counsel's performance was deficient." Strickland v. Washington (1984),466 U.S. 668, 687. The Ohio Supreme Court has adopted the two part test articulated in Strickland for demonstrating ineffective assistance of counsel. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. Under that test, a convicted defendant must first show that his attorney's performance "fell below an objective standard of reasonableness."Strickland, 466 U.S at 688. When the ineffective assistance relates to a guilty plea, the defendant must also then show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. . . ." Hill v.Lockhart (1987), 474 U.S. 52, 59; see also Strickland,466 U.S. at 687.
 {¶ 15} In the instant appeal, Mata has failed to fulfill his burden of demonstrating that his counsel's performance affected the knowing and intelligent nature of his plea. He provides no substantive evidence of counsel's alleged deficiency, and the trial court record, including the transcript of the change in plea proceeding, indicates that counsel acted reasonably. The only specific facts Mata points to are statements made at the sentencing hearing — an event which took place after the guilty plea was already entered. Therefore, even assuming that these facts demonstrate ineffective assistance, having occurred after the plea was entered into, they could not affect the voluntary, knowing and intelligent nature of the plea.
 {¶ 16} Therefore, bearing in mind that in Ohio a properly licensed attorney is presumed competent, State v. Smith (1985),17 Ohio St.3d 98, we find that counsel's performance was effective. Accordingly, Mata's second and third assignments of error are overruled.
 III {¶ 17} In his final assignment of error, Mata challenges the legality of his sentence, arguing that it is contrary to law because the trial court did not state its reasons for imposing consecutive sentences on the record at the sentencing hearing. However, Mata did not raise this error as a basis in his motion to withdraw his guilty plea, and this claim is unrelated to the judgment entry denying his motion to withdraw his plea. Only that judgment is before this Court for review, and the only issue before this Court is whether the trial court properly denied that motion. Mata's third assignment of error is therefore not properly before this court, because it relates to an alleged error in the trial court's October 5, 2001 judgment entry imposing sentence. State v. Nathan (1995), 99 Ohio App.3d 722,725.
 {¶ 18} Even assuming that this assignment is properly before the court, we think it is clear that the trial court followed the proper procedures in sentencing Mata to consecutive terms.
 {¶ 19} Consecutive terms are permitted by the Revised Code only in certain circumstances:
If multiple prison terms are imposed on an offender forconvictions of multiple offenses, the court may require theoffender to serve the prison terms consecutively if the courtfinds that the consecutive service is necessary to protect hepublic from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousnessof the offender's conduct and to the danger the offender poses tothe public. . . .
R.C. 2929.14(E)(4). That section also requires that the trial court find either (1) that the offender committed the offenses while pending trial or under post-release control, (2) at least two of the offenses were committed as part of a "course of conduct," or (3) that consecutive sentences were necessary to protect the public from future harm because of the offender's criminal history. Id.
 {¶ 20} At the sentencing hearing, the trial court stated:
The Court is going to order that the prison term[s are] to beserved consecutive[ly]. The Court is finding that it's necessaryto protect the public and, again, specifically to punish thedefendant. The consecutive terms are not disproportionate to theconduct of the defendant based upon everything the court hasread, including the psychological [evaluations]. The defendantposes a danger of committing future offenses. The harm done bythe defendant is so great and unusual, that a single term wouldnot adequately reflect the seriousness of his conduct.
We find that this fulfills the requirements of R.C.2929.14(E)(4).
 {¶ 21} For the foregoing reasons, the assignment of error is overruled. The judgment of the Allen County Court of Common Pleas is affirmed.
Judgment Affirmed.
 Cupp and Bryant, J.J., concur.