OPINION
{¶ 1} Defendant-appellant, Nicholas A. Larson, appeals the December 28, 2004 judgment of the Court of Common Pleas, Allen County, Ohio denying his post-conviction motion for withdrawal of guilty plea.
 {¶ 2} Larson is a registered sex offender and was required to verify his current residence on December 16, 2003 pursuant to R.C. 2950.06(F). The record indicates that the Allen County Sheriff's Office notified Larson on November 19, 2003 that he was required to verify his current address. After he failed to do so, he was sent another letter giving him a seven day extension to file his verification. Larson again failed to appear.
 {¶ 3} Larson was indicted on one count of Failure to Verify Current Residence in violation of R.C. 2950.06(F), a fifth degree felony, to which he originally pled not guilty. Subsequently, Larson entered a negotiated plea of guilty to the indicted offense, and was sentenced to serve six months imprisonment on May 10, 2004.
 {¶ 4} Seven months later, Larson filed a motion to withdraw his guilty plea and a motion for a new trial, asserting claims of ineffective assistance of counsel and actual innocence. In two orders issued December 28, 2004 the trial court denied both motions. The trial court found that Larson had submitted no evidence to support his claims of actual innocence and had failed to show ineffectiveness of counsel. Larson now appeals from the judgment entry denying his motion for withdrawal of his guilty plea, asserting three assignments of error. For ease of discussion, we will address the assignments of error out of order.
 II The trial court erred and abused its discretion by failing to grantrelief based on manifest injustice and actual innocence.
 III The trial court erred and abused its discretion when the trial courtallowed the complete burden to shift completely on the appellant,claiming actual innocence; therefore, prejudicing pro se appellant. Thisis unconstitutional in violation of the first, sixth, eighth andfourteenth amendment of the U.S. Constitution.
 {¶ 5} In his second and third assignments of error, Larson argues that the trial court erred in failing find that relief from his previous guilty plea was required to correct a manifest injustice. He claims that police documents show that he was not actually required to verify his residency until September 2004, and that therefore he did not violate the statute by failing to do so in December 2003.
 {¶ 6} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which states:
A motion to withdraw a plea of guilty . . . may be made only beforesentence is imposed; but to correct manifest injustice the court aftersentence may set aside the judgment of conviction and permit thedefendant to withdraw his or her plea.
Larson filed his motion to withdraw his guilty plea seven months after the imposition of his sentence. Therefore, the trial court could only grant his motion to withdraw his plea if it found a manifest injustice.
 {¶ 7} The Ohio Supreme Court has stated that the requirement in Crim.R. 32.1 that there be a manifest injustice before a court can allow a withdraw of a guilty plea limits the availability of withdrawals to "extraordinary cases." State v. Smith (1977), 49 Ohio St.2d 261. The burden of demonstrating a "manifest injustice" rests with the defendant, and the decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. Id. Accordingly, "this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court." State v. Nathan (1995), 99 Ohio App.2d 722, 725.
 {¶ 8} Larson maintains that this qualifies as an "extraordinary" case because there is evidence showing that he is actually innocent of the charged offense. He points to documents which he says prove that he was not required to verify his address until September of 2004. Larson claims that these documents demonstrate that he was incarcerated on December 3, 1997, the date the State claims he initially registered as a sex offender, and that he was not released until September 7, 1999. He then points to R.C. 2950.07(A)(1), which provides:
If the offender's duty to register is imposed pursuant to division(A)(1)(a) of section 2950.04 or division (A)(1)(a) of section 2950.041 ofthe Revised Code, the offender's duty to [register] commences regardingresidence addresses on the date of the offender's release from a prisonterm, a term of imprisonment, or any other type of confinement. . . .
Larson therefore claims that he was not in violation of R.C. 2950.06(F) because his duty to register did not begin until he was released from prison on September 7, 1999, and he did in fact register on September 8, 1999. Larson contends that he fulfilled the obligation imposed under R.C. 2950.06(B)(2) to verify his address annually on the date of his initial registration because he submitted a change of address notification on August 19, 2003.
 {¶ 9} There are two flaws in appellant's argument. First, the fact that he verified his address on August 19, 2003 does not relieve him of his annual verification obligation, even if Larson is correct that his initial registration date is September 8, 2003. The statute makes clear that sex offenders who have not been adjudicated sexual predators are required to register annually, on the date of their initial registration. R.C. 2950.06(B)(2). The statute further specifies that a sex offender who is required to verify his address must do so "no earlier than ten days before the date on which the verification is required pursuant to division (B) of this section. . . ." R.C. 2950.06(C)(1). Therefore, Larson's verification of his address on August 19 does nothing to relieve him of the obligation to verify annually on the date of his initial registration, even if his initial registration date can be considered September 8, 1999.
 {¶ 10} Second, Larson has failed to present any evidence which would demonstrate that his initial registration date was September 8, 1999 rather than December 3, 1997 as alleged in the indictment. As stated previously, the burden is on Larson to demonstrate a manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261. "[A] post-sentence motion to withdraw a plea of guilty . . . is ordinarily subject to denial without a hearing when the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Cosavage (June 28, 1995), 9th Dist. Nos. 17074 and 17075, unreported, at *2; see alsoState v. Graham, Allen App. No. 1-04-27, 2004-Ohio-4397, at ¶ 9.
 {¶ 11} Larson relies on R.C. 2950.07(A)(1) for the proposition that he was not required to register until after his release from prison. However, he ignores the very next provision in R.C. 2950.07:
If the offender's duty to register is imposed pursuant to division(A)(1)(b) of section 2950.04 or division (A)(1)(b) of section 2950.041 ofthe Revised Code, the offender's duty to [register] commences regardingresidence addresses on the date of entry of the judgment of conviction ofthe sexually oriented offense or child-victim oriented offense or on July1, 1997, whichever is later. . . . R.C. 2950.07(A)(2). Thus, the date on which Larson was required to register depends on whether his duty to register was imposed pursuant to R.C. 2950.04(A)(1)(a) or R.C.2950.04(A)(1)(b). The applicable section of R.C. 2950.04(A)(1) depends entirely upon the date the offender was sentenced for the sexually-oriented offense; if Larson was sentenced before July 1, 1997 subsection (a) applies, and if he was sentenced on or after July 1, 1997 subsection (b) applies.
 {¶ 12} We are unable to determine from the record the date of Larson's sentence for his sexually-oriented offense, and thus are unable to determine if Larson was required to register on the date of his release from prison or on the date of his judgment of conviction under R.C.2950.07(A). Larson has provided no documentary evidence regarding the date of his previous sentence, and therefore we cannot determine from the record which section of R.C. 2950.04(A)(1) is applicable. Thus, "[i]n the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." Burrell,128 Ohio App.3d at 232, 714 N.E.2d 442.
 {¶ 13} Moreover, the documentary evidence available clearly indicates that Larson initially registered on December 3, 1997 as listed in the indictment. A sex offender registration card submitted by the State lists the date of his initial registration as December 3, 1997. Moreover, the State submitted a document signed by Larson himself on the date of his last verification, August 19, 2003, explaining his duties to register as a sex offender. That document states that Larson was required to register annually as a sexually oriented offender, and that Larson was required to re-register on December 3, 2003.
 {¶ 14} Accordingly, we find that Larson has failed to submit documentary evidence showing that he was not required to verify his address until September 2004. As such, Larson has failed to fulfill his burden of demonstrating a manifest injustice, and the trial court did not abuse its discretion in denying his post-conviction motion for withdraw of guilty plea. Based on the foregoing, Larson's second and third assignments of error are overruled.
 I The trial court erred and abused its discretion in denying the pro selitigant/defendant claim of ineffective assistance of counsel inviolation of sixth and fourteenth [amendments] of the U.S. constitution.
 {¶ 15} The entry of a guilty plea is an admission of factual guilt. See Crim.R. 11(B)(1). A criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates (1992),64 Ohio St.3d 269, 272, 595 N.E.2d 351, citing Tollett v. Henderson
(1973), 411 U.S. 258, 267. Therefore, a knowing, voluntary and intelligent plea of guilty waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel before the entry of the guilty plea, unless counsel's conduct affected the voluntary nature of the plea. Spates, 64 Ohio St.3d at 273; see also State v.Tillman, 6th Dist. No. H-02-004, 2004-Ohio-481, at ¶ 26.
 {¶ 16} To demonstrate ineffective assistance of counsel, the burden is on the criminal defendant to "show that counsel's performance was deficient." Strickland v. Washington (1984), 466 U.S. 668, 687. The Ohio Supreme Court has adopted the two part test articulated in Strickland for demonstrating ineffective assistance of counsel. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Under that test, a convicted defendant must first show that his attorney's performance "fell below an objective standard of reasonableness."Strickland, 466 U.S at 688. When the ineffective assistance relates to a guilty plea, the defendant must also then show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. . . ." Hill v. Lockhart (1987), 474 U.S. 52, 59; see alsoStrickland, 466 U.S. at 687.
 {¶ 17} In a post-conviction motion arguing ineffective assistance of counsel, "the petitioner bears the initial burden . . . to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980),64 Ohio St.2d 107, 111. Therefore, Larson was required to submit evidence demonstrating that counsel's ineffectiveness prejudiced defendant.
 {¶ 18} Larson argues that his counsel was ineffective because she failed to investigate the indicted charges. Had counsel conducted a proper investigation, Larson contends, she would have discovered the documents indicating that he had fulfilled his obligations to annually verify his residence on August 19, 2003.
 {¶ 19} As previously stated, Larson has failed to submit any evidentiary documents supporting his argument that his address verification on August 19, 2003 fulfilled his obligations under R.C.2950.06. The documents Larson relies on merely show that he was released from prison on September 7, 1999 and that he last verified his address on August 19, 2003. In addition, the August 19, 2003 paperwork was simply a change of address notification and not the annual verification. The documents do not in any way demonstrate that his annual verification date occurs on September 8, 1999 as he alleges. Moreover, there is evidence in the record demonstrating that his initial registration date was December 3, 1997, requiring him to verify his address annually on that date.
 {¶ 20} Thus, Larson has provided no documentary evidence that further investigation on behalf of his counsel would have resulted in evidence demonstrating that Larson was not required to re-register on the date alleged in the indictment. All of the evidence in the record demonstrates that he was required to re-register on that date. Therefore, Larson has failed to demonstrate that counsel's further investigation would have resulted in information that would have caused him to not plead guilty. Thus, Larson has failed to establish the second prong of Strickland.
 {¶ 21} Based on the foregoing, Larson's first assignment of error is overruled. We find that the trial court did not abuse its discretion in denying Larson's motion to withdraw his guilty plea. Accordingly, the judgment of trial court denying his motion is affirmed.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.