OPINION
{¶ 1} The defendant-appellant, Vada T. Carter ("Carter"), appeals the March 28, 2005 Judgment of conviction and sentence entered in the Common Pleas Court of Wyandot County, Ohio.
 {¶ 2} On June 9, 2004, Carter was indicted by the Wyandot County Grand Jury on one count of forgery in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. The indictment returned by the Wyandot County Grand Jury read as follows:
VADA T. CARTER, AKA ROBERT LEE CARR, * * * on or about the 17th day ofMay, 2004, at Wyandot County, Ohio did, with purpose to defraud, orknowing that he was facilitating a fraud, utter or possess with purposeto utter, a writing, to-wit: Check No. 9907 on the account of Betty JaneCenter Choice Rehab of 65 St. Francis Avenue, Tiffin, OH 44883, U.S.Bank, N.A., made payable to Robert Lee Carr, in the amount of $170.85,the said Vada T. Carter, AKA Robert Lee Carr, knowing it to have beenforged, in violation of Section 2913.31(A)(3) of the Revised Code ofOhio, being a felony in the fifth degree, * * *
Specifically, this indictment arises out of a forged check that was passed at the local business, A A Grocery in Upper Sandusky, Wyandot County, Ohio on May 17, 2004, which was returned to the business unpaid.
 {¶ 3} On May 12, 2004, in Urbana, Champaign County, Ohio, a second check, No. 9902, was passed at Steve's Market Deli in the amount of $349.81 and was later returned to the business as unpaid. Both checks were written on the same non-existing account of Betty Jane Center Choice Rehab Center on the U.S. Bank N.A. made payable to Robert Lee Carr. On July 15, 2004, the Champaign County Grand Jury also indicted Carter on a single count of forgery in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. The Champaign County indictment alleged that Carter did utter or possess with purpose to utter a check knowing that said check was a forgery. On August 20, 2004, Carter plead guilty to that offense and received a term of incarceration on the sole count of the indictment in the Champaign County case.
 {¶ 4} On February 1, 2005, Carter filed a motion to dismiss and a motion in limine in the Wyandot County case indicating that the only distinguishing element separating these matters was that a different check was passed at a different business in a different county by the same defendant. On February 11, 2005, the trial court held a hearing on Carter's motions and denied both of his motions.
 {¶ 5} On March 15, 2005, the trial court held a plea hearing and advised Carter of his rights under Crim.R. 11. Carter then entered a written plea of guilty to the indictment. The trial court accepted the written plea signed by Carter which included a Sentence Recommendation that provided that:
The State will recommend, and Defendant will agree to, the impositionof a consecutive prison term to that imposed in Champaign County in CaseNo. 2004 CR 142. * * *
 {¶ 6} On March 16, 2005, the trial court held a sentencing hearing and sentenced him to a term of incarceration of eleven months to be served consecutively with the prison term imposed by the Champaign County case. On March 28, 2005, the Wyandot County Court of Common Pleas filed its Judgment Entry of Sentencing stating on the record its findings in support thereof.
 {¶ 7} On April 26, 2005, the defendant-appellant filed his notice of appeal raising the following assignment of error:
THE TRIAL COURT ERRED AS A MATTER OF LAW AND COMMITTED REVERSIBLE ERRORWHEN IT FAILED TO DISMISS THE INDICTMENT HEREIN FOR FORGERY IN THAT THEDEFENDANT HAD PREVIOUSLY BEEN CONVICTED OF A CHARGE OF FORGERY IN THECOMMON PLEAS COURT OF CHAMPAIGN COUNTY, OHIO AND SUCH OFFENSE WAS ANALLIED OFFENSE OF SIMILAR IMPORT IN COURT A CONVICTION FOR WHICHPRECLUDED THE IMPOSITION OF A PUNISHMENT AS TO THE FORGERY CHARGEHEREIN.
 {¶ 8} Carter argues that due to the amount of overlap between the misconduct in both Champaign County and Wyandot County the law indicates that the two offenses of forgery are allied offenses of similar import and should be considered as one offense. He also claims that double jeopardy precludes his conviction in Wyandot County.
 {¶ 9} At the outset, we note that Carter did plead guilty to both charges of forgery in Champaign County and Wyandot County. An individual who pleads guilty to a crime is limited on appeal. State v. Mullins,
Wyandot App. No. 16-04-05, 2004-Ohio-4293, at ¶ 15. He may only attack the voluntary and intelligent nature of the guilty plea. State v. Spates
(1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351, citing Tollett v.Henderson (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. He "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. However, we will address the assignment of error as it relates to Carter's sentence.
 {¶ 10} The Ohio Supreme Court held in State v. Rance (1999),85 Ohio St.3d 632, that the prohibition against cumulative punishments discussed in Blockburger v. United States (1932), 284 U.S. 299, does not apply where the General Assembly clearly intended to impose cumulative punishment. In determining the legislative intent, the Ohio Supreme Court stated:
We discern the General Assembly's intent on this subject through reviewof Ohio's multiple-count statute, R.C. 2941.25. If the court's sentencingof Rance accords with the multiple-count statute, that harmony with thelegislative intent precludes an `unconstitutional' label. See Albernaz
[v. United States (1981)], 450 U.S. 333 at 344, 101 S.Ct. 1137 at 1145,67 L.Ed.2d 275 at 285; State v. Bickerstaff (1984), 10 Ohio St.3d 62 at65-66, 10 OBR 352 at 355-56, 461 N.E.2d 892 at 895-96. This court hasstated that Ohio's multiple-count statute `is a clear indication of theGeneral Assembly's intent to permit cumulative sentencing for thecommission of certain offenses.' Bickerstaff, 10 Ohio St.3d at 66,10 OBR at 356, 461 N.E.2d at 896.
 Rance, 85 Ohio St.3d at 635-36.
 {¶ 11} "[I]f a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C.2941.25(B). State v. Jones (1997), 78 Ohio St.3d 12, 13-14, 676, N.E.2d 80, 81." Rance, 85 Ohio St.3d at 636.
 {¶ 12} R.C. 2941.25 governs the merging of allied offenses and provides:
(A) Where the same conduct by a defendant can be construed toconstitute two or more allied offenses of similar import, the indictmentor information may contain counts for all such offenses, but thedefendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses ofdissimilar import, or where his conduct results in two or more offensesof the same or similar kind committed separately or with a separateanimus as to each, the indictment or information may contain counts forall such offenses, and the defendant may be convicted of all of them.
 {¶ 13} Pursuant to State v. Cooper (2004), 104 Ohio St.3d 293, 296, "a court need only engage in the allied-offense analysis when the same conduct, or single act, results in multiple convictions." This specific point was emphasized by the Ohio Supreme Court in State v. Logan (1979),60 Ohio St.2d 126, 128, 14 O.O.3d 373, 397 N.E.2d 1345: "In addition to the requirement of similar import of the crimes committed, the defendant, in order to obtain the protection of R.C. 2941.25(A), must show that the prosecution has relied upon the same conduct to support both offenses charged."
 {¶ 14} Furthermore, the Ohio Supreme Court noted in Cooper that it had elaborated on this requirement in State v. Jones (1997), 78 Ohio St.3d 12,14, 676 N.E.2d 80, by stating:
This court has generally not found the presence or absence of anyspecific factors to be dispositive on the issue of whether crimes werecommitted separately or with a separate animus. * * * Instead, ourapproach has been to analyze the particular facts of each case before usto determine whether the acts or animus were separate. See State v.Nicholas (1993), 66 Ohio St.3d 431, 435, 613 N.E.2d 225, 229; State v.Hill (1992), 64 Ohio St.3d 313, 332, 595 N.E.2d 884, 899-900; State v.Jells (1990), 53 Ohio St.3d 22, 33, 559 N.E.2d 464, 475; Newark v.Vazirani (1990), 48 Ohio St.3d 81, 83-84, 549 N.E.2d 520, 522; State v.Powell (1990), 49 Ohio St.3d 255, 262, 552 N.E.2d 191, 199.
 {¶ 15} In this case, the misconduct in Champaign County and Wyandot County, respectively, may be compared factually as follows:
On May 12, 2004, Defendant, Vada T. Carter, while using the alias,"Robert Lee Carr," cashed a forged check, No. 9902, at Steve's Market Deli in Urbana, Champaign County, Ohio, in the amount of $349.81; whichcheck was dishonored. See Indictment from Champaign County, July 15, 2004.
On May 17, 2004, Defendant, Vada T. Carter, while using the alias,"Robert Lee Carr," cashed a forged check, No. 9907, at A A Grocery inUpper Sandusky, Wyandot County, Ohio, in the amount of $170.85; whichcheck was dishonored.
 See Indictment from Wyandot County, June 9, 2004.
 {¶ 16} The Champaign and Wyandot County crimes were each a violation of R.C. 2913.31(A)(3), forgery, a felony of the fifth degree. Specifically, the statute provides that "[n]o person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * utter, or possess with purpose to utter, any writing that the person knows to have been forged."
 {¶ 17} Because these crimes are allied offenses, the issue in this case is whether the defendant's conduct when reviewed establishes that the defendant may be convicted of both offenses. Clearly, the Champaign and Wyandot County crimes were committed separately or with a separate animus as to each. The two crimes were committed in two different counties, with two different check numbers, on two different dates, with different amounts, on separate victims. Therefore, it is clear that the two crimes have a separate animus and the Wyandot County Court of Common Pleas acted properly in not treating these offenses as allied offenses of similar import and in sentencing Carter consecutively to the Champaign County case.
 {¶ 18} Accordingly, Carter's assignment of error is overruled and the March 28, 2005 Judgment of conviction and sentence entered in the Common Pleas Court of Wyandot County, Ohio is affirmed.
Judgment affirmed.
 Cupp, P.J., and Rogers, J., concur.