[Cite as *State v. Hinkle*, 2011-Ohio-4970.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE STATE OF OHIO

      Plaintiff-Appellee

-vs-

BRADLEY J. HINKLE

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Julie A. Edwards, J.

Case No. 10-CA-22

O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Knox County Common
Pleas Court, Case No. 10CR070118

JUDGMENT:      Affirmed in part; Vacated in part; and
Remanded

DATE OF JUDGMENT ENTRY:      September 26, 2011

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

JOHN C. THATCHER
Knox County Prosecuting Attorney
CHARLES T. MCCONVILLE
Assistant Prosecuting Attorney
117 East High Street, Suite 234
Mount Vernon, Ohio 43050

BRUCE J. MALEK
Knox County Public Defender
MARK A. ZANGHI
Assistant Public Defender
One Public Square
Mount Vernon, Ohio 43050

*Hoffman, J.*

{¶1}   Appellant, Bradley J. Hinkle, was indicted on one count of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a felony of the third degree, two counts of Illegal Assembly or Possession of Chemicals for the Maufacture of Drugs in violation of R.C. 2925.041(A), which are a felonies of the second degree, and one count of Intimidation of Victim or Witness in a Criminal Case in violation of R.C. 2921.04(B), also a felony of the third degree.  Appellant entered guilty pleas to counts one, three, and four.  The State dismissed count two.  Appellant was sentenced to a prison term of four years on count one with a mandatory fine of $5,000.00; a prison term of six years on count three with a mandatory fine of $7,500.00; and a prison term of four years on count 4.  All three prison terms were ordered to be served concurrently to one another for a total prison term of six years.  At the time of sentencing, counsel for Appellant inquired as to whether the mandatory fines could be waived.  The trial court instructed Appellant to file an appropriate motion.  The judgment entry of conviction and sentencing was filed on November 4, 2010.  Appellant's Motion to Suspend Mandatory Fine was filed on November 9, 2010.  The trial court did not expressly rule on the Motion to Suspend Mandatory Fine prior to Appellant's filing his Notice of Appeal on December 2, 2010.

{¶2}   Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating the within appeal was wholly frivolous and setting forth two proposed assignments of error.  Appellant did not file a pro se brief alleging any additional assignments of error.

**{¶3}** Counsel for Appellant raises the following potential assignments of error:

I.

**{¶4}** "THE APPELLANT'S GUILTY PLEAS TO COUNTS ONE, THREE AND FOUR OF THE INDICTMENT WERE NOT OFFERED KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY."

II.

**{¶5}** "THE TRIAL COURT ERRED BY IMPOSING MANDATORY FINES WHEN THE APPELLANT FILED A MOTION TO WAIVE MANDATORY FINES AND AN AFFIDAVIT OF INDIGENCY."

**{¶6}** In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶7} Our review of the record reveals Appellant was denied effective assistance of trial counsel, therefore, we will proceed to a decision on the merits of the proposed assignments of error as well as the error identified by this Court.

I.

{¶8} In his first assignment of error, Appellant argues his plea of guilty should not have been accepted because it was not knowingly, intelligently, and voluntarily made.

{¶9} A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates* (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims his plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. *State v. Nero* (1990), 56 Ohio St.3d 106, 108.

{¶10} To ensure a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *Engle,* 74 Ohio St.3d at 527.

{¶11} At the time Appellant entered his guilty pleas, the trial court orally engaged in a dialogue with Appellant which establishes Appellant was aware of the nature of the charges and the maximum penalties involved. He further acknowledged an awareness of all of the rights he was waiving by entering guilty pleas. Additionally, he read a plea of guilty form and discussed the form with his attorney. We find there is no affirmative demonstration the plea was not entered in a knowing, intelligent, and voluntary manner.

{¶12} Appellant's first assignment of error is overruled.

II.

**{¶13}** We will address Appellant's second assignment of error together with the error identified by this Court as ineffective assistance of trial counsel.

**{¶14}** To establish ineffective assistance of counsel, an appellant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.

**{¶15}** R.C. § 2929.18 provides,

**{¶16}** "(B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

**{¶17}** Trial counsel in this case did not file a motion or affidavit of indigency prior to sentencing as required by R.C. 2929.18(B)(1). We have reviewed the affidavit filed after the trial court issued its judgment of conviction and sentencing. Based upon our review of the affidavit, we find that there is a reasonable probability that but for

counsel's error in failing to file a timely affidavit of indigency demonstrating an inability to pay the proceedings would have been different as to the imposition of the mandatory fines only. We are not making the finding as suggested by counsel's second proposed assignment of error the trial court erred in imposing the mandatory fines. We simply find counsel failed to timely file the affidavit and motion prior to sentencing. Accordingly, we vacate the Appellant's sentence as to the imposition of the mandatory fines and remand this case to the Court of Common Pleas for resentencing based upon the Appellant's affidavit and motion as well as the State's reply. All other portions of Appellant's convictions and sentences are affirmed. Counsel's motion to withdraw is granted.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRADLEY J. HINKLE | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-22 |

For the reasons stated in our accompanying Opinion, the convictions and sentences entered by the Knox County Court of Common Pleas are affirmed in part; vacated in part and the matter is remanded for further proceedings in accordance with our Opinion and the law.  Costs waived.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS