[Cite as *State v. Motter*, 2011-Ohio-4965.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 11 COA 3 |
| SCOTT D. MOTTER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:             Criminal Appeal from the Court of Common
                                     Pleas, Case No.  10 CRI 110

JUDGMENT:                            Affirmed

DATE OF JUDGMENT ENTRY:              September 28, 2011

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

RAMONA FRANCESCONI ROGERS           JOANNA M. ORTH
PROSECUTING ATTORNEY                SPORE & ASSOCIATES, LLC
PAUL T. LANGE                       Post Office Box 906
ASSISTANT PROSECUTOR                Perrysburg, Ohio  43552
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Wise, J.*

{¶1}   Appellant, Scott D. Motter, plead guilty to a bill of information containing four counts:  one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4) and three counts attempted child endangering, felonies of the fourth degree, in violation of R.C. 2923.02(A) and R.C. 2919.22(B)(4)

{¶2}   Appellant was sentenced to a term of five years on the charge of gross sexual imposition and a term of eighteen months on each of the attempted child endangerment counts.  All four of these sentences were ordered served consecutive to one another, however, for a total term of incarceration of nine and one half years.

{¶3}   Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed assignments of error.  Appellant did not file a pro se brief alleging any additional assignments of error.  Counsel for Appellant has raised two potential assignments of error asking this Court to determine whether Appellant's plea was entered knowingly, intelligently, and voluntarily and whether Appellant's sentence was contrary to law.

I.

{¶4}   "DEFENDANT/APPELLANT'S PLEA SHOULD BE SET ASIDE INSOFAR AS IT WAS NOT MADE KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY.

II.

{¶5}   "DEFENDANT/APPELLANT'S SENTENCE SHOULD BE VACATED AS IT IS EXCESSIVE, UNREASONABLE AND CONTRARY TO LAW."

{¶6} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶7} Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738. We now will address the merits of Appellant's potential assignments of error.

I.

{¶8} In his potential assignment of error, Appellant suggests his plea was not entered knowingly, intelligently, and voluntarily. A review of the plea hearing demonstrates the trial court complied with the mandate of Crim.R. 11 in accepting Appellant's guilty pleas. The trial court explained to Appellant all of his rights, the potential penalties and the effect of entering the guilty pleas.

{¶9} As we outlined in *State v. Sullivan*, 2007 WL 2410108, 2-3 (Ohio App. 5 Dist., 2007), a determination of whether a plea is knowing, intelligent, and voluntary is

based upon a review of the record. *State v. Spates* (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. *State v. Nero* (1990), 56 Ohio St.3d 106, 108.

{¶10} To ensure that a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle* (1996), 74 Ohio St.3d 525, 527.

{¶11} A review of the record reveals that during the plea hearing, Appellant indicated he had read the bill of information, read the plea of guilty form, which contained an explanation of Appellant's constitutional rights, and discussed these items with his attorney. The trial court orally went over all of the required information to comply with Crim.R. 11. There is absolutely no evidence Appellant's plea was not entered knowingly, intelligently, and voluntarily.

{¶12} Appellant's first Assignment of Error is overruled.

II.

{¶13} In his second potential assignment of error, Appellant argues the trial court abused its discretion in imposing maximum, consecutive sentences and further argues his sentence is contrary to law.

{¶14} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

**{¶15}** "In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

**{¶16}** In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶17}** The sentences imposed in this case were within the sentencing range provided by statute, therefore, the first prong is satisfied.

**{¶18}** This case involved two child victims ages five and six. One of the victims is physically and mentally handicapped. Appellant used his position as a parent to commit the offenses. Appellant's conduct was not a single incident but ongoing. We cannot say under the circumstances of this case that the trial court abused its discretion in imposing maximum, consecutive sentences.

**{¶19}** Appellant's second proposed assignment of error is overruled.

{¶20} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.


_____

_____

_____

JUDGES


JWW/d 0907

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                            :
                                         :
    Plaintiff-Appellee               :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
SCOTT D. MOTTER                          :
                                         :
    Defendant-Appellant              :          Case No. 11 COA 3


For the reasons stated in our accompanying Memorandum-Opinion, counsel for

Appellant is granted leave to withdraw and the judgment of the Court of Common Pleas

of Ashland County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

JUDGES