[Cite as *State v. Wynn*, 2025-Ohio-2016.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DARIUS D. WYNN, | : | Case No. 24 CAA 09 0058 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Delaware County
                                    Court of Common Pleas, Case No.
                                    23 CRI 12 0746


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   June 5, 2025


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

MELISSA A. SCHIFFEL                        WILLIAM T. CRAMER
Prosecuting Attorney                       1554 Polaris Parkway, Suite 325
Delaware County, Ohio                      Columbus, Ohio 43240


By: KATHERYN L. MUNGER
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
154 North Union Street, 3rd Floor
Delaware, Ohio 43015

*Baldwin, P.J.*

**{¶1}** The appellant, Darius D. Wynn, appeals his July 18, 2024, conviction and sentence from the Court of Common Pleas of Delaware County, Ohio. The appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On December 21, 2023, the appellant was indicted on one count of Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1), one count of Aggravated Murder in violation of R.C. 2903.01(B) with a three-year firearm specification pursuant to R.C. 2941.141, one count of Felony Murder in violation of R.C. 2903.02(B) with a three-year firearm specification pursuant to R.C. 2941.141, two counts of Aggravated Robbery in violation of R.C. 2911.01(A)(1) with a three-year firearm specification, one count of Felonious Assault in violation of R.C. 2903.11(A)(2) with a three-year firearm specification, and one count of Attempted Murder in violation of R.C. 2903.02(A) with a three-year firearm specification. All charges except Engaging in a Pattern of Corrupt Activity included a three-year firearm specification pursuant to R.C. 2941.145.

**{¶3}** On July 18, 2024, the trial court held a change of plea hearing, the following exchange took place at the appellant's change of plea hearing:

THE COURT: Did you need any more time to speak with your lawyer now?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you had enough time to think about the important decision that you're making?

THE DEFENDANT: I don't think so, but it's fine.

THE COURT: Did you need any more time today or any other day?

THE DEFENDANT: No. It's good.

THE COURT: I see. And you're certain this is what you want to do.

THE DEFENDANT: Yes, sir.

{¶4} Ultimately, the appellant entered a plea of guilty to one count of Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1), one count of Felony Murder in violation of R.C. 2903.02(B) with a one-year firearm specification, and one count of Aggravated Robbery in violation of R.C. 2911.01(A)(1) with a three-year firearm specification, and Felonious Assault in violation of R.C. 2903.11(A).

{¶5} On August 28, 2024, the trial court held a sentencing hearing. At the hearing, the trial court sentenced the appellant to a mandatory sentence of fifteen-years-to-life for felony murder along with a mandatory consecutive term of one year for the associated firearm specification, eleven to sixteen-and-a-half years for corrupt activity, and ten years for aggravated robbery along with a mandatory consecutive term of three years for the associated firearm specification. The trial court imposed the prison terms consecutively for an aggregate term of forty-years-to-life. The trial court also imposed a mandatory term of post-release control of two to five years for corrupt activity and aggravated robbery.

{¶6} The appellant filed a timely notice of appeal and raises the following two assignments of error:

{¶7} "I. APPELLANT'S GUILTY PLEAS WERE NOT KNOWING, INTELLIGENT, OR VOLUNTARY BECAUSE APPELLANT INDICATED THAT HE NEEDED MORE TIME TO CONSIDER THE ISSUE."

**{¶8}** "II. BY CLEAR AND CONVINCING EVIDENCE, THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S CONSECUTIVE SENTENCES FINDINGS UNDER R.C. 2929.14(C)(4)."

**I.**

**{¶9}** In the appellant's first assignment of error, the appellant argues his guilty pleas were not knowing, intelligent, or voluntary. We disagree.

**STANDARD OF REVIEW**

**{¶10}** A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). If a criminal defendant claims that his plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

**ANALYSIS**

**{¶11}** The appellant argues his guilty plea was not knowing, intelligent, or voluntary because the appellant indicated he may need more time to consider the plea. We disagree.

**{¶12}** Due process mandates that a guilty plea must be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 2008-Ohio-3748, ¶25.

**{¶13}** At the change of plea hearing, the trial court inquired whether the appellant had sufficient time to consider his decision. The appellant indicated he did not think so. The trial court then followed up by asking if he needed any more time that day or on any

other day. The appellant replied that he did not need any more time. The trial court then asked the appellant if he was certain he wanted to change his plea. The appellant indicated that he did.

{¶14} The appellant points to *State v. Sellman*, 2019-Ohio-4185 (2nd Dist.), where the appellant expressed confusion during the plea hearing and was permitted to consult with counsel before proceeding. In the case at bar, the appellant contends that the trial court should have allowed the appellant time to consult with counsel before proceeding with the hearing. The record shows a more extensive interaction between the trial court and the appellant. The trial court asked the appellant if he had enough time to consult with counsel. The appellant said yes. The appellant indicated his attorney answered all of his questions. The trial court also asked the appellant if he wanted more time that day or any other day. The appellant said no. The trial court also asked the appellant if he needed any more time to speak with his lawyer before proceeding. The appellant also answered no.

{¶15} The appellant's responses at the plea hearing do not indicate any confusion on the appellant's part. The trial court provided the appellant more time to consider or speak further with counsel. The appellant declined. We do not find any merit that the appellant's plea was not knowing, intelligent, or voluntary.

{¶16} Accordingly, the appellant's first assignment of error is overruled.

## II.

{¶17} In the appellant's second assignment of error, the appellant argues the record fails to support the trial court's imposition of consecutive sentences by clear and convincing evidence. We disagree.

**STANDARD OF REVIEW**

**{¶18}** Generally, felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings,* 2014-Ohio-2322, ¶20 (6th Dist.). An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 2016-Ohio-4759, ¶7 (6th Dist.); citing R.C. 2953.08(G)(2).

**{¶19}** However, as discussed by this Court recently in *State v. Bright*, 2025-Ohio-725 (5th Dist.), the appellant's failure to object to his sentence while before the trial court "leaves him with little recourse." *Id.* at ¶6. The *Bright* Court stated:

> Bright did not, however, object to the community-control conditions that were imposed at her sentencing hearing. An error "that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court" is deemed forfeited absent plain error.

> To be sure, had the trial judge announced the sentence and then abruptly left the courtroom without giving the parties a chance to raise objections to the judge's ruling, Bright could not be faulted now for having stayed silent then. *See, e.g.*, *United States v. Ralston*, 110 F.4th 909, 919 (6th Cir.2024) (noting that federal district courts "are required to ask the parties during the sentencing hearing whether they have any objections to

the sentence that has been imposed."); *U.S. v. Bostic*, 371 F.3d 865, 872 (6th Cir.2004) (where a trial court fails to provide the parties with an opportunity to object to the sentence, the parties "will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal[ ]").

Here, the trial judge – by asking the parties, after the sentence was announced if they had "[a]nything further" to say – gave Bright a meaningful opportunity to express the concerns that Bright now raises here. Neither Bright's trial counsel nor Bright herself objected to the sentence. We, therefore, review Bright's community-control sentence for plain error.

**{¶20}** In the case sub judice, the appellant failed to object to the sentence imposed by the trial court at the time of sentencing, even when given the opportunity. The appellant had a meaningful opportunity to address his sentence at that time and failed to do so. As such, we review for plain error only.

## ANALYSIS

**{¶21}** The Court's decision in *Bright* concisely addressed plain error:

To constitute plain error, an error "must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection." *State v. Dunlap*, 2004-Ohio-6652, ¶34 (8th Dist.). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

*Id.* at ¶¶10-11. According to the record, the appellant planned all the crimes, continued the plan after somebody was killed, and only entered a plea of guilty because a codefendant changed his plea to guilty. The court noted his past record of multiple offenses involving firearms. Furthermore, the appellant was sentenced in conformity with statutory guidelines and made all the appropriate findings on the record. The court has broad discretion in this regard and did not commit plain error when it sentenced the appellant.

{¶22} Therefore, the appellant's second assignment of error is overruled.

## CONCLUSION

{¶23} Based upon the foregoing, the decision of the Delaware County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

King, J. concur.

Hoffman, J. concurs separately.

*Hoffman, J., concurring*

{¶24} I concur in the majority's analysis and disposition of Appellant's first assignment of error.

{¶25} I further concur in the majority's disposition of Appellant's second assignment of error. However, I disagree with the standard of review it applies.

{¶26} The majority analyzes the second assignment of error under a plain error standard of review. I disagree. I believe the proper standard of review is set forth by the Ohio Supreme Court in its recent opinion in *State v. Glover*, 2024-Ohio-5195, ¶¶ 43-46. When applying that standard, I concur in the majority's decision to also overrule Appellant's second assignment of error.